528 So.2d 32 (1988)
Bobby FERGUSON, Appellant,
v.
V.S.L. CORPORATION, a Florida Corporation, Appellee.
No. 87-1542.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Rehearing Denied August 3, 1988.
*33 Abramson & Magidson and John Abramson, Miami, for appellant.
Haddad, Josephs & Jack and David K. Markarian and Denise Powers, Coral Gables, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Bobby Ferguson, a construction worker, brought this action against V.S.L. Corporation for injuries received on the job site during the course of laying cables manufactured and supplied by V.S.L. The parties were advised by a form pretrial order that the cause had been set for trial and that the pretrial conference and call of the calendar would take place on April 2, 1987. As scheduled, the calendar call was held and the trial was set for the following week. On the morning of the trial, the judge requested counsel to advise him of the evidence to be presented. At the conclusion of both counsels' presentations, summary judgment was entered in favor of V.S.L. Ferguson appeals.
Ferguson contends that he was not given notice of the summary judgment hearing which was conducted prior to trial, in violation of his due process rights. He also contends that summary judgment was improper because the depositions relied upon by the trial court for entering the judgment were not on file as required by Florida Rule of Civil Procedure 1.510. We find neither a due process violation nor a rule violation on the following analysis.
The hearing conducted immediately prior to trial was not an unnoticed summary judgment hearing. It was, as the trial judge stated, a continuation of the pretrial conference previously scheduled for April 2, 1987. The fact that the initial conference was adjourned and continued until the morning of the scheduled trial, some six days later, did not relieve the parties of their obligation to comply with pretrial conference procedure. See Fla.R. Civ.Pro. 1.200(b); Compass Enter., Inc. v. Earls, 397 So.2d 1039 (Fla. 5th DCA 1981). The state of readiness required of counsel for the scheduled conference was simply carried over to the continuation of that hearing on the morning of the trial. Because the trial court may entertain a motion for summary judgment sua sponte at a pretrial conference, Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla. 1957); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956); Savage-Hawk v. Premier Outdoor Prod., Inc., 474 So.2d 1242 (Fla. 2d DCA 1985), there was no violation of Ferguson's due process rights.
Further, we do not find any violation of rule 1.510(c) which requires depositions to be on file. Although the depositions the trial judge employed in reaching his decision were not filed prior to the pretrial conference, they were taken pursuant to notice and were physically in existence "before the court," satisfying that provision of the summary judgment rule. Compare Fernandez v. Cunningham, 268 So.2d 166 (Fla. 3d DCA 1972) (refusal to consider deposition testimony obtained one day prior to hearing on motion for summary judgment was abuse of discretion) with Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA) (depositions taken and filed subsequent to hearing on motion for summary judgment could not be considered on the motion), cert. denied, 252 So.2d 798 (Fla. 1971). Additionally, the trial court permitted claimant's counsel to proffer any evidence known by him to exist which would defeat a summary judgment. Because counsel for claimant declined that invitation, we are led to believe that he could not in good faith offer any evidence.
We turn our consideration to the claimant's contention that the trial court erred in entering summary final judgment because disputed issues of fact remained. *34 Ferguson's claims are predicated upon theories of negligence and strict liability. As for the strict liability claim, Ferguson alleged that the cable was unfit, defective and unnecessarily dangerous because grease escaped through the plastic sheathing which covered the cable to create the hazardous situation which caused Ferguson's injuries. "[A] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects proves to have a defect that causes injury to a human being." West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976). The movant failed to dispel the allegation that the cable was defective because grease escaped through the cable covering. Consequently, a disputed question of fact remains on the strict liability claim.
On the other hand, the negligence claim is completely dispelled by the contract between V.S.L. and the contractor under which the cable was furnished. According to the terms of the contract, V.S.L.'s duty was limited to the inspection of the cable prior to shipment. While it may have been V.S.L.'s practice to provide supervision of the initial phase of cable installation, V.S.L. did not have a duty to provide the claimant a safe place to work. Thus, summary judgment on the negligence claim was proper.
For the foregoing reasons, the order granting summary final judgment is affirmed as to the negligence claim and reversed as to the strict liability claim and the cause is remanded for further proceedings.