542 So.2d 392 (1989)
Robert C. ELLIOTT and Carol K. Elliott, His Wife, Appellants,
v.
Richard L. DUGGER, As Secretary of the State of Florida Department of Corrections, Appellee.
No. 88-2542.
District Court of Appeal of Florida, First District.
April 6, 1989.
Terrence M. Brown, P.A., Starke, and P. Scott Russell IV, of Gentry and Phillips, P.A., Jacksonville, for appellants.
Robert A. Butterworth, Atty. Gen., and William D. Hall, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
The Elliotts appeal a final summary judgment entered in favor of appellee raising four points on appeal. We reverse.
Robert and Carol Elliott, plaintiffs below, filed suit against appellee, Secretary of the Department of Corrections Richard L. Dugger, and others arising out of an incident which occurred on or about June 18, 1986, when Robert Elliott allegedly unknowingly *393 ingested blood serum contaminated with the AIDS virus while on duty at the Reception and Medical Center in Lake Butler, Florida. According to the complaint, Elliott's coffee cup had been contaminated by an inmate who had conspired with another inmate in removing the contaminated blood serum from the lab in order to pour it into Elliott's coffee. In paragraph 19 of the complaint, the Elliotts alleged that Robert Elliott was denied a claim for workers' compensation benefits on the basis that the infection of the positive serum did not arise "naturally or unavoidably" as the result of his employment.
Appellee answered and raised the affirmative defense of the exclusivity of the Workers' Compensation Act. In response, the Elliotts maintained that appellee was estopped from asserting the exclusivity defense on the basis that "[p]laintiff timely filed a claim for workers' compensation benefits; his claim was denied by the state of Florida; plaintiff detrimentally and in reliance thereon instituted the subject action."
Thereafter, appellee moved for summary judgment on the basis of the exclusivity of the workers' compensation remedy claiming that it was clear that Robert Elliott was acting in the scope of his employment at the time he claimed to have been assaulted, that the Department of Corrections did not expressly authorize the intentional infliction of an injury upon Elliott, and that the allegations of his complaint show that the alleged assault was the result of negligence. Attached to the motion was an affidavit from an employee of the Department of Labor and Employment Security reflecting that Robert Elliott's file did not contain a formal claim for workers' compensation benefits arising out of this incident but rather only a notice of injury.
On the Friday prior to the hearing on the motion for summary judgment, Robert Elliott's deposition was taken in which he maintained that on or about August 6, 1986, he visited the personnel office at the reception center and filed a workers' compensation form which was completed on his behalf by a Department of Corrections employee. It was Elliott's understanding that this form constituted a claim for workers' compensation benefits. He maintained that his claim for benefits was denied in a letter which he subsequently received in which it was stated that there were no benefits due under his claim. In the course of a conference in preparation for this deposition, Elliott informed his trial counsel for the first time that he had received the letter from the insurance carrier in the fall of 1986 but that he could not locate it. His counsel immediately tried to contact the attorney who had filed the original complaint but despite numerous calls was unable to locate the letter prior to the hearing on the motion for summary judgment. Counsel brought this fact to the trial court's attention in a motion for an order continuing the hearing on the motion for summary judgment and in his affidavit in support of the motion.
The following Monday, the Elliotts filed relevant portions of Robert Elliott's sworn deposition prior to the commencement of the hearing on the motion. At that same time, they also filed the above-referenced motion and affidavit for continuance. As of the time of the hearing, the case had not yet been set for trial, discovery was ongoing, and the case was not at issue as to all defendants. The trial court heard argument of counsel but denied the Elliotts' motion to continue the summary judgment proceeding and granted the motion for summary judgment. In granting the motion, the court expressly stated at the hearing that the "basis for it is that there were no counter-affidavits filed, and I cannot and do not consider a deposition."
As their first point on appeal, the Elliotts argue the trial court erred in granting summary judgment where there were material issues of fact existing as to whether appellee is estopped from raising the exclusivity provisions of the Workers' Compensation Act as a defense. We agree. Summary judgment is particularly unsuitable in a case where the facts and circumstances indicate the possibility of an estoppel. Parker v. Dinsmore Company, 443 So.2d 356 (Fla. 1st DCA 1983). In the instant case, appellee's position in favor of summary *394 judgment was predicated solely on the fact that there did not exist a formal claim filed by Robert Elliott for workers' compensation benefits. However, it is irrelevant to a claim for estoppel under these circumstances whether or not the plaintiff/claimant actually filed a written claim for benefits. See Quality Shell Homes & Supply Company v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966). Although it was noted in Roley that an employer's refusal, alone, to pay voluntarily workers' compensation benefits will not estop the employer from requiring the claimant to seek his remedy in conformance with the Workers' Compensation Act, other circumstances may justify estoppel. For instance, in Roley, the claimant was led to understand that workers' compensation insurance had not been procured. This Court found that the circumstances in that case provided sufficient evidence from which
... the jury as reasonable men could have found that the plaintiff injuriously changed his position in reliance upon the defendants' statement that they had no workmen's compensation insurance; that, as a direct result of the plaintiff's reliance upon the defendants' actions and statements, he made no claim and received no compensation benefits to aid in the support of himself ...; that during this period the plaintiff became personally obligated for the payment of [medical bills]; that by the time of the trial the defendants had neither paid nor made any effort to pay those bills or any compensation; and that the defendants had completely ignored the plaintiff's attorney's letter [notifying them in detail of the nature and extent of the plaintiff's claim], leaving the plaintiff with no alternative but to file the present action.
186 So.2d at 841.
We are not at this point attempting to construe the meaning of the alleged representation made by appellee that no benefits were due claimant, which representation could have meant, for instance, either that the Department of Corrections was of the opinion that there had yet been no injury shown, or that it had taken the position that Elliott had no right to claim benefits because the injury was not a covered injury. That latter interpretation is suggested in paragraph 19 of the Elliotts' complaint as above referenced and, for purposes of a motion for summary judgment, must be taken as true. Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). Moreover, if appellee denied workers' compensation coverage on the basis that Robert Elliott's alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered by the Act, the Elliotts were free to pursue common law remedies. Williams v. Hillsborough County School Board, 389 So.2d 1218 (Fla. 1st DCA 1980). Based on the foregoing, we hold that the trial court erred in granting appellee's motion for summary judgment on the basis that there exist genuine issues of material fact concerning the issue of estoppel.
Under points II, III, and IV, the Elliotts urge that the trial court erred in granting summary judgment where the affidavit submitted in support of said motion was inadequate; where the court expressly refused to consider portions of the deposition of Robert Elliott filed with it before the hearing on the motion; and whether the court abused its discretion in denying the Elliotts' motion for an order continuing the hearing for summary judgment. In light of our holding under point I, we need not reach these issues except insofar as to emphasize that it is not necessary for the party opposing a motion for summary judgment to file an affidavit to counter the movant's affidavit. Connell v. Sledge; Misal Construction Company, Inc. v. Rusco Industries, Inc., 403 So.2d 607 (Fla. 4th DCA 1981). Further, the court was authorized to consider the deposition filed the day of the hearing since it was taken pursuant to notice and was physically in existence "before the court," satisfying the provision of rule 1.510(c), Florida Rules of Civil Procedure. Ferguson v. V.S.L. Corporation, 528 So.2d 32 (Fla. 3d DCA 1988).
For the foregoing reasons, the final summary judgment entered in favor of appellee *395 is hereby REVERSED and the cause is REMANDED for further proceedings.
WENTWORTH and THOMPSON, JJ., concur.