725 So.2d 1230 (1999)
Audrey BYERLEY and Donald Byerley, Appellants,
v.
CITRUS PUBLISHING, INC., etc., Appellee.
No. 97-1103.
District Court of Appeal of Florida, Fifth District.
January 22, 1999.
Rehearing Denied February 24, 1999.
*1231 Susan W. Fox of MacFarlane, Ferguson & McMullen, and Larry L. Rardon of Hughes, Rardon & Rodriguez, P.A., Tampa, for Appellants.
James K. Powers of McGee & Powers, P.A., Orlando, for Appellee.
THOMPSON, J.
Audrey and Donald Byerley ("Byerley") appeal a final summary judgment entered in favor of Citrus Publishing, Inc. ("employer") in their action for negligence and loss of consortium. The trial court ruled that Byerley's injury was exclusively covered by the Florida's Workers' Compensation Act, section 440.11(1995), Florida Statutes, and thus an independent tort action was barred. Byerley argues that she was not an employee at the time of the accident, and therefore, she was not covered by workers' compensation. Byerley had filed a claim for benefits with her employer before she initiated the civil tort suit, but her claim was denied by the employer and its carrier. The employer argues that Byerley was an employee and covered by workers' compensation, even though her claim for benefits was denied on the ground that she was not an employee at the time the injury occurred. We reverse the summary judgment.
Byerley was injured in an accident which occurred on the employer's premises. She had completed work, had punched out for the day, and was on her way home when the accident occurred. Previously, Byerley had placed boxes which she intended to take home on the loading dock. In order to get the boxes, she deviated from the most direct route to the parking lot to get to the loading dock. On her way, she tripped over a bench with protruding runners that had been placed on the sidewalk adjacent to the loading dock. As a result of the accident, Byerley suffered a compression fracture of the vertebrae in her back, pulled her right groin muscle, fractured her left kneecap, and suffered numerous abrasions. Her total medical bills exceeded $30,000.
Byerley filed a claim for workers' compensation benefits which was denied by the employer and its workers' compensation carrier. The notice of denial stated: "Injury did not arise out [of] the course and scope of [Byerley's] employment. Employee was clocked out and had exited the building, when she tripped over a bench on the pavement." After the denial, and pursuant to sections 440.06 and 440.11(1), Florida Statutes (1995), Byerley filed a tort action. The employer asserted in its answer, among other things, that Byerley's exclusive remedy was workers' compensation. See 440.11, Fla. Stat. The employer alleged that "Byerley was in the scope of her employment and the tort claim against Citrus Publishing is barred by the Workers' Compensation Immunity as provided by Florida Statutes." The employer then moved for summary judgment. Byerley filed an affidavit in opposition to the motion to dismiss. In her affidavit, Byerley stated that she filed a claim and was advised by her employer and the employer's carrier that she was not entitled to any workers' compensation benefits, and that she relied upon those representations and filed a tort action. She attached the insurance carrier's notice of denial to her affidavit.
The trial court granted the motion and entered summary final judgment in the employer's favor, finding "as a matter of law that the alleged accident occurred in the scope and course of Mrs. Byerley's employment and is the major contributing cause to her injuries." The court relied upon Perez v. Publix Supermarkets, Inc., 673 So.2d 938 (Fla. 3d DCA 1996), and Vigliotti v. K-mart Corp., 680 So.2d 466 (Fla. 1st DCA 1996), to support its decision. The trial court also stated, "Plaintiffs have not asserted estoppel *1232 nor does this Court find that it is supported by the record presented." We disagree with this ruling.
The employer created a Hobson's choice for Byerley: the employer, through its insurance carrier, denied her claim for workers' compensation, and then, when Byerley elected to proceed in a tort action, argued that she could not sue because her exclusive remedy was the Workers' Compensation Act. The employer argues that it cannot be estopped from claiming workers' compensation immunity because the denial of benefits was issued by its workers' compensation carrier, and thus, is not attributable to the employer. Sections 440.06 and 440.11(1), Florida Statutes, allowed Byerley to file a civil suit if the employer did not secure payments for job related injuries. Under the Workers' Compensation Act, the employer has the sole obligation to secure payment of benefits for the employee whether the employer pays the compensation or furnishes the benefits through a compensation carrier. See §§ 440.09(1), 440.10(1)(a), Fla. Stat (1995). Therefore, an employer may not divorce itself from its compensation carrier's representation that an employee's injury did not occur in the course and scope of employment. Cf. Boyd v. Florida Memorial College, 475 So.2d 990 (Fla. 1st DCA 1985) (employer estopped from asserting statute of limitations defense to employee's claim for compensation where employer's compensation carrier made misstatement to employee that benefits were not available while employee was in prison but would be payable upon release).
The workers' compensation statute is designed to be fairly administered as to each party and neither the employer nor the employee is to be given a favorable interpretation of the statute. For example, an employee who has received workers' compensation benefits is estopped from suing the employer in tort because the statute is the exclusive remedy for the employee if the injuries are job related. Ferguson v. Elna Electric, Inc., 421 So.2d 805 (Fla. 3d DCA 1982). We think it would be inequitable for an employer to deny worker's compensation coverage on the ground that the employee's injury did not arise out of the course and scope of employment, then later claim immunity from a tort suit on the ground that the injury did arise out of the course and scope of employment. This argument, if accepted, would eviscerate the Workers' Compensation Act and allow employers to avoid all liability for employee job related injuries. The stated intent of the statute is "to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." See § 440.015, Fla. Stat. (1995). The employer has an obligation to assist the employee in securing benefits.
In Elliott v. Dugger, 542 So.2d 392 (Fla. 1st DCA 1989), rev. denied, 591 So.2d 181 (Fla.1991), an employee sued his employer alleging that he had applied for workers' compensation benefits for his injury and was denied. Id. at 393. The employer asserted immunity under the Workers' Compensation Act and won a summary judgment in its favor. Id. In reversing the summary judgment, the appellate court explained that while the reason for the denial was not immediately clear, the possibility that the employer had determined the injury was not covered precluded summary judgment. Id. at 394. An employee who has been denied compensation for an injury may either file an administrative petition challenging the denial or sue the employer for damages. § 440.11(1), Fla. Stat. (1995). Thus, to permit an employer to deny benefits then later assert immunity because the employee is entitled to benefits would be to render this statutory provision meaningless.[1] In this case, the notice of denial stated that Byerley's injury was not covered because it did not occur in the course and scope of her employment. Byerley accepted and relied on the denial, bore her medical expenses, then sued the employer in tort as permitted by *1233 the statute. Here, the elements of estoppel are shown, and therefore, the employer is not entitled to summary judgment on the basis of the Workers' Compensation Act. Elliott.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] Notably, to insure the effectiveness of the latter option, the Legislature prohibits employers from defending these tort suits on the ground that the injury was caused by the negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury resulted from the comparative negligence of the employee. See §§ 440.06, 440.11(1), Fla. Stat. (1995).