815 So.2d 787 (2002)
Joseph F. IERACITANO, and Blue Paper, Inc., a Florida corporation, Appellants,
v.
Stuart D. SHAW, P.A., Appellee.
No. 4D01-3929.
District Court of Appeal of Florida, Fourth District.
May 15, 2002.
Mark J. Dearman of Dearman & Gerson, Plantation, and David J. Valdini of Valdini, Palmer & Hale, P.A., Fort Lauderdale, for appellants.
Harry S. Raleigh, Jr. of Niles, Dobbins, Meeks, Raleigh & Dover, Fort Lauderdale, for appellee.
GROSS, J.
Joseph F. Ieracitano and Blue Paper, Inc., appeal a final summary judgment awarding appellee, Stuart D. Shaw, P.A., a mortgage broker's fee under a mortgage loan origination agreement prepared by Shaw. The agreement was one where *788 Shaw agreed to locate financing for appellants' commercial project.
The agreement[1] is ambiguous as to when the broker was to earn his commission. The agreement describes the scope of the broker's engagement only as being "to apply for a mortgage loan from a participating lender ... upon such terms and conditions as you may request or a lender may require." The longest paragraph in the one page agreement describes the broker's compensation:
The lenders whose loan products we distribute generally provide their loan products to us at a wholesale rate. The retail price we offer youyour interest rate, total points and feeswill include our compensation. In some cases, we may be paid all of our compensation by either you or the lender. Alternatively, we may be paid a portion of our compensation by both you and the lender. For example, in some cases, if you would rather pay pay [sic] a lower interest rate, you may pay higher up-front points and fees. Also, in some cases, if you would rather pay less up-front, you may be able to pay some or all of our compensation indirectly through a higher interest rate in which case we will be paid directly by the lender. We also may be paid by the lender based on (i) the value of the Mortgage Loan or related servicing rights in the market place or (ii) other services, goods or facilities performed or provided by us to the lender.
This language is open to the interpretation that the broker will earn his fee upon the closing of the loan. No express provision in the agreement indicates that the broker will earn his commission upon the execution of a loan commitment. The absence of such language distinguishes this case from cases such as S & D Enterprises, Inc. v. Sonnenblick-Goldman Southeast Corp., where the mortgage broker's contract expressly entitled the "broker to a commission as of the execution of the loan commitment, regardless of the conduct of the lender subsequent to executing the agreement." 310 So.2d 343, 344 (Fla. 3d DCA 1975).
Because the wording of the agreement is ambiguous, its interpretation involves questions of fact, which preclude summary judgment. See, e.g., Yardum v. Scalese, 799 So.2d 382, 383 (Fla. 4th DCA 2001).
We agree with appellee that the disclosures set forth in section 494.00421, Florida Statutes (2000), were not required in this transaction because appellee was not acting within the context of a "mortgage brokerage business" and did not contract to receive a "mortgage brokerage fee" within the meaning of the definitions set forth in section 494.001, Florida Statutes (2000). Ieracitano and Blue Paper argue that disclosure pursuant to section 494.00421 was required because the section contained the phrase "[n]otwithstanding the provisions of ss. 494.001-494.0077." They read this language to mean that the section 494.001 definitions do not apply to section 494.0042.
We reject this interpretation of the statute. "The general rule is that, if it is possible to do so, inconsistent provisions within a statute should be construed in a manner that reconciles the inconsistencies." Jordan v. Food Lion, Inc., 670 So.2d 138, 140 (Fla. 1st DCA 1996). Section 494.001 commences with the phrase "[a]s used in ss. 494.001-494.0077," indicating that the section's 29 definitions are to be applied through section 494.0077, including section 494.00421. Section 494.00421 uses two phrases specifically defined *789 at subsections 494.001(16) & (17) "mortgage brokerage business" and "mortgage brokerage fee." The definitions of these two terms requires reference to the definition of the phrase "act as a mortgage broker" at section 494.001(3).
It is highly unlikely that the legislature would impose specific disclosure requirements in section 494.00421 without reference to the section 494.001 statutory definitions which determine when the disclosures are required. This approach would leave it to case law to develop a parallel universe of definitions for the two terms under section 494.00421, apart from the definitions in section 494.001, a development which would unnecessarily complicate the law.
We therefore read the "notwithstanding" clause of section 494.00421 as precluding the application of any contrary substantive provision of sections 494.001-494.0077, but not excluding the definitions contained in section 494.001.
REVERSED AND REMANDED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] The agreement was not prepared by the attorney representing appellee on this appeal.