966 So.2d 978 (2007)
TRACTOR SUPPLY COMPANY, Appellant,
v.
Francis Dale KENT, Appellee.
No. 5D06-4371.
District Court of Appeal of Florida, Fifth District.
August 31, 2007.
Deborah C. Drylie, of Carter & Drylie, P.A., Gainesville, for Appellant.
Bill J. McCabe, Longwood, and Chadwick J. Lawrence, Kissimmee, for Appellee.
John P. Daly, of Rissman, Barrett, Hurt, Donahue & McLain, P.A., for Amicus Curiae Florida Retail Federation.
PLEUS, J.
Tractor Supply Company (TSC), the defendant below, appeals from an interlocutory order granting partial summary judgment in favor of the plaintiff below, Francis Dale Kent (Kent). The trial court found, as a matter of law, that TSC was estopped from asserting worker's compensation immunity as an affirmative defense in Kent's tort action.
The issue in this case is whether an employer who raises a pre-existing medical condition defense to a worker's compensation claim is then estopped from asserting worker's compensation immunity in defending against a civil tort action on the same claim. Because we conclude estoppel does not apply, we reverse.
Jurisdiction is based on Florida Rule of Appellate Procedure 9.130(a)(3)(C)(V), which permits appeals of non-final orders determining, as a matter of law, that a *979 party is not entitled to worker's compensation immunity.
Kent, a forklift operator for TSC, was exposed to hydrated lime dust while on the job in the TSC warehouse. Hydrated lime dust can cause serious injury to the lungs and aggravate breathing disorders.
Initially, Kent filed a petition for benefits with the judge of compensation claims (comp claim). A response to the petition for benefits was completed by an adjuster for the worker's compensation servicing agent in which the request for both indemnity and medical benefits was denied. The reason given for the denial was that the condition complained of was the result of a pre-existing medical condition and not the result of employment with TSC. The response also stated that the condition complained of was the result of a prior worker's compensation claim that had been settled for continuing treatment. TSC asserted that any outstanding medical expenses should be covered by Kent from the settlement he received.
Following the denial of benefits by the carrier in the comp claim, discovery took place and mediation was scheduled. Before the mediation could take place, Kent filed a notice of voluntary dismissal. Kent thereafter filed this tort action. It is important to note that the comp claim was withdrawn before it was adjudicated.
Kent alleges in his civil complaint that the dust caused an aggravation of a pre-existing pulmonary condition. TSC responded to the tort action and asserted numerous affirmative defenses, only one of which is at issue on this appeal.[1] The trial judge granted Kent's motion for partial summary judgment as to the affirmative defense of immunity on the ground that TSC is now estopped from asserting immunity under sections 440.11 and 440.10, Florida Statutes.
TSC counters that estoppel has no application to this case because Kent cannot show an unfair assertion of inconsistent positions, and in fact, TSC did not take inconsistent positions. We agree.
Kent argues that our decision in Byerley v. Citrus Publishing, Inc., 725 So.2d 1230 (Fla. 5th DCA 1999), controls. In Byerley, the employee and her husband sued on a negligence theory for injuries sustained by the employee when she fell over a bench on the employer's property. The employee had completed work for the day and had punched out when she decided to return to the premises to pick up some boxes which were on the loading dock. She fell over a bench which was adjacent to the loading dock.
The employee filed a claim for worker's compensation which was denied by the employer's comp carrier on the ground that "injury did not arise out of the course and scope of Byerley's employment. Employee was clocked out and had exited the building when she tripped over a bench on the pavement."
Following this denial, the Byerleys filed their tort action. The employer raised as an affirmative defense the exclusivity provision contained in section 440.11, Florida Statutes, and obtained a final summary judgment which found that as a matter of law, the injury occurred in the scope and course of employment. This court reversed, observing that:
The employer created a Hobson's choice for Byerley: the employer, through its insurance carrier, denied her claim for worker's compensation, and then, when *980 Byerley elected to proceed in a tort action, argued that she could not sue because her exclusive remedy was worker's compensation.
Id. at 1232.
In holding that the employer was estopped from asserting exclusivity of the Worker's Compensation Act as a defense to the tort claim, this court explained:
The worker's compensation statute is designed to be fairly administered as to each party and neither the employer nor the employee is to be given a favorable interpretation of the statute. For example, an employee who has received worker's compensation benefits is estopped from suing the employer in tort because the statute is the exclusive remedy for the employee if the injuries are job related. Ferguson v. Elna Electric, Inc., 421 So.2d 805 (Fla. 3d DCA 1982). We think it would be inequitable for an employer to deny worker's compensation coverage on the ground that the employee's injury did not arise out of the course and scope of employment, then later claim immunity from a tort suit on the ground that the injury did arise out of the course and scope of employment. This argument, if accepted, would eviscerate the Worker's Compensation Act and allow employers to avoid all liability for employee job related injuries.
Id.
This court added that Byerley was denied comp benefits on the ground that her injury was not covered because it did not occur in the course and scope of her employment. She accepted and relied on the denial, bore her medical expenses, then sued the employer in tort. This satisfied the elements of estoppel.
Byerley relied heavily upon Elliott v. Dugger, 542 So.2d 392 (Fla. 1st DCA 1989). In Elliott, an employee sued his employer alleging he had applied for worker's compensation benefits for his injury and was denied. The employer asserted worker's compensation immunity and won a summary judgment, but the First District reversed. The court explained that while the reason for the denial was not immediately clear, the possibility that the employer had determined the injury was not covered precluded summary judgment. The Elliott court explained that "if appellee [employer] denied worker's compensation within the Act or on the basis that he was injured under other situations not covered by the Act, the Elliotts were free to pursue common law remedies." 542 So.2d at 394. The Elliott court referenced Quality Shell Homes v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966), in observing that an employer's refusal, alone, to pay comp benefits, will not estop the employer from requiring the claimant to seek his remedy in conformance with the Worker's Compensation Act.
The question presented in this appeal is whether Byerley and Elliott establish that an employer such as TSC, who, through its comp carrier,[2] denies a worker's compensation claim on the basis that the injury or illness was pre-existing, is then estopped from asserting worker's compensation immunity and exclusivity in defending against a civil tort action.
Byerley involved the denial of a comp claim on the ground that the injury did not arise in the course and scope of the employment relationship. Byerley holds that expressly asserting that an injury did not occur in the scope and course of employment *981 estops the employer from defending a subsequent tort action on the ground that the claim arose in the course and scope of employment. It is not simply the denial, but rather the irreconcilable positions asserted, that led to the result in Byerley. As argued by TSC, the denial in this case was materially different. TSC's comp carrier denied Kent's claim by stating as follows: "[E]ntire claim denied, as the condition complained of is the result of a pre-existing medical condition that is not the result of employment with Tractor Supply."
This denial was inartfully drafted which likely led the trial court to focus on the last phrase ("not the result of employment with Tractor Supply") when it ruled that the worker's compensation carrier "denied an industrial accident occurred while in the course and scope of the Plaintiff's employment with the Defendant." However, the intent of the denial is evident. The carrier did not assert that no employment relationship existed or that the incident occurred outside the scope of employment. Rather, the denial asserts that under the terms of the Worker's Compensation Act, the injury is one which is not deemed to be compensable.
The trial court erroneously took the narrow holding in Byerley and expanded it beyond its supporting rationale. Byerley does not support application of estoppel principles against an employer who has raised in the comp proceeding a medical causation defense that the employee's medical condition is pre-existing and unrelated to his current employment.
An essential requisite for invoking equitable estoppel is a representation by the party sought to be estopped to the other party as to some material fact, which representation is contrary to the condition of affairs later asserted by the party sought to be estopped. Francoeur v. Pipers, Inc., 560 So.2d 244 (Fla. 3d DCA 1990). There is no irreconcilable conflict in the employer here raising a pre-existing medical condition defense to a comp claim, but asserting it is, nevertheless, insulated from a civil suit.
Kent argues that it would be inequitable not to estop TSC from asserting the defense of worker's compensation immunity in this civil tort action. Kent's position is that whenever a comp claim is defended on the basis that the injury or illness did not result from the claimant's employment, the employer is thereafter estopped from asserting in a civil action the worker's compensation immunity and exclusivity defense. Acceptance of this position would force employers and their carriers to either concede the validity of a comp claim where a pre-existing condition may be implicated or open themselves up to an immediate civil action. Byerley does not so hold. Rather, it is only in taking clearly irreconcilable positions such as in claiming the incident occurred outside the employment relationship but later claiming otherwise that an employer runs the risk of being estopped to assert comp immunity as a defense to a civil suit.
Kent essentially maintains that he was being "whipsawed" out of any remedy for his injury/illness when TSC denied his claim for comp benefits and then subsequently took the position that Kent's exclusive remedy was worker's compensation. The short answer to this is that Kent could and should have litigated the defense of pre-existing injury/illness in the comp action. A pre-existing injury or illness is a recognized defense to a claim for comp benefits, section 440.09(1)(b), Florida Statutes, and should have been litigated in the comp action.
Kent notes that under Florida law, where injuries are not encompassed within *982 our Worker's Compensation Act, the employee is free to pursue his or her common law remedies. See e.g., Williams v. Hillsborough County School Board, 389 So.2d 1218 (Fla. 1st DCA 1980); Grice v. Suwannee Lumber Mfg. Co., 113 So.2d 742 (Fla. 1st DCA 1959). However, in Williams, an adjudication of non-compensability had been issued by a judge of compensation claims. The plaintiff obtained a decision that his claim was outside the Worker's Compensation Act and thus, he was free to pursue his common law remedies. In Grice, the appellate court found that Grice's claim fell within the Worker's Compensation Act and that he could not pursue a common law tort claim.[3]
A legitimate concern raised by TSC and the amicus brief filed on behalf of the Florida Retail Federation is that the trial court's ruling in this case creates a huge exception to the Worker's Compensation Act where an employer raises a pre-existing condition defense. Indeed, the Worker's Compensation Act itself recognizes numerous defenses to a comp claim at section 440.09, including pre-existing condition, horseplay, intoxication, self inflicted injury and misrepresentation of a pre-existing condition.
The Florida legislature has created a comprehensive process for consideration of claims against employers relating to on-the-job injuries sustained by their employees. Both parties recognize the stated intent of the Worker's Compensation Act is to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer. § 440.015, Fla. Stat. Nothing is quick and efficient about allowing an employee to by-pass the act and sue in circuit court where the employer asserts that comp benefits are not recoverable because the injury/illness was the result of a pre-existing condition. That issue should typically be litigated in a worker's comp setting. Employees should not be permitted to "jump the gun" and file suit in circuit court when a defense such as pre-existing condition is raised.
Accordingly, because it was error for the trial court to grant partial summary judgment in which the defense of worker's compensation immunity was stricken, we reverse.
REVERSED.
LAWSON and EVANDER, JJ., concur.
NOTES
[1] The order granting partial summary judgment references two affirmative defenses and grants summary judgment as to both. The only one discussed in the briefs and on appeal is the affirmative defense discussed above.
[2] In Byerley, this court explained that under the worker's compensation scheme, an employer shares in the responsibility for its compensation carrier's decision denying comp coverage or benefits. 725 So.2d at 1232.
[3] Kent does not assert that his comp claim is time-barred. He is therefore not using equitable estoppel to assure his right to redress of injury under Article I, section 21 of the Florida Constitution. He rather simply elected to change forums for consideration of his claim for compensation because of a defense raised by the employer.