985 So.2d 19 (2008)
COCA-COLA ENTERPRISES, INC., Appellant,
v.
Aquilino J. MONTIEL and Kash N' Karry Food Stores, Inc., Appellees.
No. 2D07-4809.
District Court of Appeal of Florida, Second District.
May 14, 2008.
Rehearing Denied July 9, 2008.
Lamar D. Oxford and F. Scott Pendley of Dean, Ringers, Morgan & Lawton, Orlando, for Appellant.
Raymond O. Burger of Law Office of Raymond O. Burger, P.A., Tampa, for Appellee Aquilino J. Montiel.
Catherine M. Verona of Barr, Murman, Tonelli, P.A., Tampa, for Appellee Kash N' Karry Food Stores, Inc.
LaROSE, Judge.
Coca-Cola Enterprises, Inc. (Coca-Cola), appeals the trial court's nonfinal order denying a summary judgment motion on its workers' compensation exclusivity defense.[1] We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(v). We reverse.
Aquilino J. Montiel suffered a back injury while unloading Coca-Cola products at a Tampa Kash N' Karry store. Unquestionably, the injury occurred in the course and scope of Mr. Montiel's employment. Mr. Montiel's deposition testimony also establishes that Coca-Cola paid workers' compensation benefits to him for about twelve weeks.
*20 Thereafter, Coca-Cola denied further workers' compensation benefits. The medical evidence indicated that Mr. Montiel's condition no longer related to his work injury, but to a degenerative condition. Mr. Montiel did not claim further benefits under the workers' compensation statute. See § 440.192. Instead, he sued Coca-Cola and Kash N' Karry for negligence, alleging that improper shelving design caused his injury. Coca-Cola sought summary judgment based on workers' compensation exclusivity. See § 440.11(1).[2]
In successfully opposing the summary judgment motion, Mr. Montiel and Kash N' Karry argued that the denial of further benefits estopped Coca-Cola from claiming workers' compensation exclusivity. They relied principally on Byerley v. Citrus Publishing, Inc., 725 So.2d 1230 (Fla. 5th DCA 1999), and Elliott v. Dugger, 542 So.2d 392 (Fla. 1st DCA 1989).
In Byerley, the employer initially denied a workers' compensation claim because the injury did not arise out of the course and scope of employment. 725 So.2d at 1231. The employee filed a tort action and the employer asserted the workers' compensation exclusivity defense. Id. Because the employer advanced a litigation position wholly inconsistent with its earlier position in assessing the claim, the Fifth District had little difficulty concluding that the employer was estopped from relying on the exclusivity defense. See id. at 1233.
In Elliott, the employer denied workers' compensation benefits from the outset because the injury did not arise "naturally or unavoidably" from Elliott's employment. 542 So.2d at 393. When Elliott sued, the employer moved for summary judgment on the ground that Elliott had been acting within the scope of his employment. Id. Additionally, the employer asserted that Elliott had not filed a claim but only a notice of injury. Id. The First District reversed summary judgment for the employer because genuine issues of material fact existed as to whether the employer was estopped to assert the exclusivity defense. Id. at 394.
Neither Byerley nor Elliott presents facts similar to those before us. Mr. Montiel's injury was work-related. Coca-Cola never contended otherwise. Coca-Cola paid benefits for approximately three months. Indeed, Coca-Cola denied further benefits only when medical evidence indicated that Mr. Montiel's condition no longer related to his work injury. Had Mr. Montiel thought himself entitled to further benefits, the statute provided a vehicle to seek relief. See § 440.192.
We are aware of no statutory provision that, under these circumstances, strips the employer of the exclusivity defense. To read such a result into the statute would be contrary to the purpose of the law.
The workers' compensation statute assures prompt and efficient delivery of benefits to an injured worker so as to facilitate his or her return to gainful reemployment. See Tractor Supply Co. v. Kent, 966 So.2d 978, 982 (Fla. 5th DCA 2007) (citing § 440.015).
Nothing is quick and efficient about allowing an employee to by-pass the act and sue in circuit court where the employer asserts that comp benefits are not recoverable because the injury/illness was the result of a pre-existing *21 condition. That issue should typically be litigated in a worker's comp setting.
Id.[3]
The trial court erred in finding, as a matter of law, that Coca-Cola was not entitled to the exclusivity defense of the workers' compensation statute.
Reversed.
CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] Throughout their briefs, the parties speak of workers' compensation immunity. More precisely, Coca-Cola's defense is one of exclusivity. See § 440.11(1), Fla. Stat. (2003) ("The liability of an employer . . . shall be exclusive and in place of all other liability . . . to the employee. . . . ").
[2] The statute immunizes an employer from further liability for an employee's workplace injury unless either of two exceptions applies: (1) if an employer fails to secure workers' compensation coverage, or (2) when an employer commits an intentional tort. See § 440.11(1)(a)-(b). Neither exception applies here.
[3] Kash N' Karry argued in the trial court that a genuine issue of material fact existed as to whether Mr. Montiel made an election of remedies. We find no merit to this argument. The reliance on such cases as Jones v. Martin Electronics, Inc., 932 So.2d 1100 (Fla.2006), Turner v. PCR, Inc., 754 So.2d 683 (Fla.2000), and Wheeled Coach Industries, Inc. v. Annulis, 852 So.2d 430 (Fla. 5th DCA 2003), is misplaced. Such cases involved suit for intentional torts, an exception to workers' compensation exclusivity defense. See § 440.11(1)(b). Mr. Montiel sued for simple negligence.