RAMIREZ, C.J.
 

 Fly & Form, Inc. appeals the trial court’s entry final judgment in which the court denied Fly & Form’s motion for summary judgment and granted appellee Marlon Marquez’s cross-motion for summary judgment. We reverse because Fly & Form, as the employer, was entitled to the exclusivity defense as set forth in Florida’s workers’ compensation statute.
 

 This appeal arises out of a personal injury suit brought by Marquez as a result of injuries he sustained while employed with Fly & Form. Following the accident, Marquez received workers’ compensation benefits as well as temporary disability
 
 *404
 
 payments, including medical bills and indemnity benefits. Fly & Form later learned that Marquez had used a fake social security number on his employment application and W-4 form. Fly & Form then denied further workers’ compensation benefits. Marquez filed suit, and Fly & Form asserted that it was immune from tort liability, pursuant to chapter 440, Florida Statutes. A few months later, workers’ compensation benefits resumed, and the outstanding temporary disability benefits were paid. Because Marquez had also reached maximum medical improvement, he was paid for bodily impairment and the remaining medical bills.
 

 Fly <& Form moved for summary judgment based on the exclusivity of workers’ compensation benefits and its immunity from suit as Marquez’s employer. We conclude that the trial court erred when it denied Fly & Form’s motion for summary judgment. Fly & Form was not estopped from asserting the exclusivity defense of the workers’ compensation statute, even though it had denied Marquez further workers’ compensation benefits.
 
 See Coca-Cola Enters., Inc. v. Montiel,
 
 985 So.2d 19 (Fla. 2d DCA 2008) (holding the trial court erred in finding, as a matter of law, that Coca-Cola was not entitled to the exclusivity defense of the workers’ compensation statute because the employer had denied the employee workers’ compensation benefits). Accordingly, we reverse the trial court’s final judgment and remand for entry of summary judgment in Fly & Form’s favor.
 

 Reversed and remanded.