VAN NORTWICK, J.
 

 Kurt Schroeder and Linda Schroeder appeal a final summary judgment in their negligence action against Peoplease Corporation (Peoplease) and L & S Logistics Services, Inc. (L & S), appellees. The trial court granted summary judgment based upon workers’ compensation immunity under section 440.11(l)(a), Florida Statutes (2005), and expressly ruled that Peoplease
 
 *1166
 
 and L & S were not estopped from asserting the defense of workers’ compensation immunity. Because we find disputed issues of fact remain as to the question of estoppel, we reverse and remand for further proceedings.
 

 In 2006, Kurt Schroeder was employed by Peoplease, and was working for L & S under an employee leasing contract between Peoplease and L
 
 &
 
 S. He drove a truck and delivered merchandise to sites around the state. On April 5, 2006, he arrived in Grand Ridge, Florida, where he was expected to deliver a load weighing approximately 2,000 pounds to a school. The school was unprepared to receive the material and the merchandise was too heavy for him to unload. Schroeder alleges in his complaint that the merchandise was sealed on one skid and could not be offloaded without assistance or the necessary equipment. He proceeded to a motel in Bay County with the knowledge and permission of L & S. When he contacted a company representative and explained that he could not offload the Grand Ridge delivery, that representative directed Schroeder to manually move the load within the trailer so as to permit him to make other deliveries scheduled for the next day. Within minutes of attempting to move the load, he suffered the onset of heart problems. He was taken by ambulance to the hospital where he underwent emergency heart surgery.
 

 Schroeder filed a petition seeking workers’ compensation benefits from Peoplease. Peoplease controverted the entire claim and filed a notice of denial which provides:
 

 REASON FOR DENIAL OF BENEFITS (Provide detailed information to support reason(s) for denial)
 

 The present condition of claimant is not the result of injury arising out of and in the course of his or her employment.
 

 The condition of claimant is due to natural causes unrelated to his [or] her employment.
 

 The condition pre-existed the alleged date of injury.
 

 The condition complained of is not the result of an injury within the meaning of the term as used in the Florida Compensation Act.
 

 The claimant’s condition is due to preexisting disease and not to an accident.
 

 There is no causal connection between the claimant’s condition and his or her employment.
 

 On January 8, 2007, the Schroeders filed a civil action against Peoplease and L & S. Relying upon the notice of denial, they alleged that neither Peoplease nor L & S could claim workers’ compensation immunity from suit pursuant to chapter 440, Florida Statutes.
 
 See
 
 § 440.11(l)(a), Fla. Stat. (2005).
 
 [1]
 

 
 *1167
 
 Peoplease and L & S filed an amended motion for summary judgment. They argued that they were not estopped from asserting workers’ compensation immunity because the notice of denial denied the workers’ compensation claim on the grounds of a preexisting condition, which is a recognized defense to a claim for workers’ compensation benefits under section 440.09(l)(b), Florida Statutes (2005), and the notice did not assert that no employment relationship existed or that the incident occurred outside the scope of the employment relationship. Attached to the motion was the affidavit of Rosa Fitzsim-mons, the workers’ compensation adjuster who prepared the notice of denial. In her affidavit, she stated that the intent of the notice was neither to assert a lack of an employment relationship nor to allege that Mr. Schroeder’s incident occurred outside the scope of the employment relationship. She stated that the intent of the notice of denial was to dispute that Mr. Schroeder’s injury was compensable.
 

 Appellees argued that summary judgment was appropriate under
 
 Tractor Supply Company v. Kent,
 
 966 So.2d 978 (Fla. 5th DCA 2007). In
 
 Kent,
 
 the court held that, where the employer’s denial of coverage was based upon the fact that the employee’s medical condition was preexisting and unrelated to his current employment, the employer was not estopped from asserting immunity from suit pursuant to the exclusivity provision of section 440.11.
 
 Id.
 
 at 981. The court reasoned that a denial on the basis of preexisting condition is not the equivalent of an assertion that no employment relationship existed or that the incident occurred outside the scope of employment.
 
 Id.
 

 The Schroeders responded arguing that summary judgment was not appropriate because Peoplease and L & S had not presented conclusive proof that there are no genuine issues of material fact. Attached to the response was the affidavit of Schroeder in which he stated that “relying on Peoplease’s denial of my workers’ compensation claim, and failure to furnish medical care for my injuries,” he had obtained medical care and treatment for which he was personally responsible. He stated that Peoplease and L & S failed to authorize or offer medical care and treatment and had never advised him they would pay or reimburse him for his medical expenses, which he was obligated to pay because they failed to furnish medical care for his injuries. He argued that, because they denied that he suffered an accident or injury arising out of and in the course of his employment, they were es-topped from asserting the exclusivity of chapter 440, citing
 
 Byerley v. Citrus Publishing, Inc.,
 
 725 So.2d 1230 (Fla. 5th DCA 1999) (holding that the elements of estop-pel were met when the employer denied the workers’ compensation claim because the injury did not arise out of the course and scope of employment, but thereafter took the irreconcilable position in the tort action filed by the employee that the workers’ compensation exclusivity defense applied).
 

 After a hearing, the trial court entered the order under review granting final summary judgment as to all claims brought in the Schroeders’ action and finding, as follows:
 

 1. The major thrust of the Notice of Denial entered in Plaintiffs workers’ compensation claim arising out of the same incident which gives rise to this lawsuit was the employer’s contention that the heart condition suffered by the Plaintiff was due to pre-existing disease and not to an accident, or was due to natural causes unrelated to his employment.
 

 
 *1168
 
 2. The Defendants in this action have not taken inconsistent positions in Plaintiffs prior workers’ compensation claim and the instant action. Therefore, Defendants in this action are not estopped from asserting the defense of workers’ compensation immunity.
 

 This court reviews an order granting summary judgment
 
 de novo. Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Turning to the workers’ compensation statutes, an employer is only required to pay compensation or furnish benefits “if the employee suffers an accidental compensable injury or death arising out of work performed in the course and the scope of employment.” § 440.09(1), Fla. Stat. (2005). Section 440.02(19), Florida Statutes (2005) defines “injury” in pertinent part as “personal injury or death by accident arising out of and in the course of employment.”
 

 On appeal, the Schroeders argue that the effect of the notice of denial stating that claimant’s condition “is not the result of injury arising out of and in the course of his ... employment” and that “the condition complained of is not the result of an injury within the meaning of the term as used in the Florida Compensation Act” was to deny all compensability of his claim. It is undisputed that Peoplease and L & S have paid no benefits to him, either medical or lost wages, since his injury in 2006. Schroeder asserts that he relied on that denial to his detriment by obtaining medical care for his heart condition at his own expense. The Schroeders argue that this record contains no evidence that he suffered from a preexisting condition and that Peoplease and L & S, having denied that Kurt Schroeder suffered an accident or injury arising out of and in the course and scope of his employment, are estopped from now taking a contrary position by arguing that they merely defended the workers’ compensation claim based upon a position that claimant’s condition was due to a preexisting condition.
 

 The elements necessary to establish equitable estoppel for purposes of workers’ compensation exclusivity or immunity are “(1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position deteimental to the party claiming estoppel, caused by the representation and reliance thereon.”
 
 Specialty Employee Leasing v. Davis,
 
 737 So.2d 1170 (Fla. 1st DCA 1999) (quoting
 
 State Dep’t of Revenue v. Anderson,
 
 403 So.2d 397, 400 (Fla.1981)). “Summary judgment is particularly unsuitable in a case where the facts and circumstances indicate the possibility of an estoppel.”
 
 Elliott v. Dugger,
 
 542 So.2d 392, 393 (Fla. 1st DCA 1989).
 

 Summary judgment should only be granted if the movant submits conclusive proof that there exist no issues of material fact. All reasonable inferences which may be drawn in favor of the party opposing summary judgment must be overcome.
 
 Craig v. Gate Maritime Props., Inc.,
 
 631 So.2d 375, 377 (Fla. 1st DCA 1994);
 
 Spradley v. Stick,
 
 622 So.2d 610, 612 (Fla. 1st DCA 1993). “The movant for summary judgment bears the initial burden of demonstrating by competent evidence the nonexistence of any question of material fact, and only when the movant has satisfied this burden does the burden shift to the opposing party to come forward with evidence to the contrary.”
 
 Spradley,
 
 622 So.2d at 612.
 

 In
 
 Byerley,
 
 the Fifth District Court of Appeal held that the employer was es-topped from asserting the exclusivity of the Workers’ Compensation Act as a defense to the employee’s tort claim where the employer had denied the workers’ compensation claim on the ground that the
 
 *1169
 
 employee’s injury did not arise out of her employment, the employee accepted and relied on the denial, bore her medical expenses, and then sued the employer. 725 So.2d at 1232-33. The court reasoned that,
 

 [I]t would be inequitable for an employer to deny worker’s compensation coverage on the ground that the employee’s injury did not arise out of the course and scope of employment, then later claim immunity from a tort suit on the ground that the injury
 
 did
 
 arise out of the course and scope of employment. This argument, if accepted, would eviscerate the Workers’ Compensation Act and allow employers to avoid all liability for employee job related injuries....
 

 Id.
 
 at 1232.
 

 Peoplease and L
 
 &
 
 S seek to distinguish
 
 Byerley,
 
 arguing that in
 
 Byerley
 
 it was clear that the employee was not in the course and scope of employment because she had “clocked out and had exited the building, when she tripped over a bench on the pavement,” 725 So.2d at 1231. In other words, Peoplease and L & S argue that when the facts make it clear that the employee suffered a workplace incident, then estoppel will never apply despite what the employer and carrier may have said in the notice of denial. We cannot agree.
 

 In
 
 Elliott v. Dugger,
 
 542 So.2d at 393, Elliott, who worked as a correctional officer, unknowingly ingested blood serum contaminated with the AIDS virus while on duty. The blood serum had been placed in his coffee by an inmate. Elliott and his wife filed suit and the employer defended on the grounds that the Workers’ Compensation Act provided immunity. Elliott responded that his claim for workers’ compensation benefits had been denied; that he had detrimentally relied on that denial; and that, therefore, the employer was estopped from asserting the exclusivity defense. The employer moved for summary judgment arguing that it was clear that Elliott was acting in the scope of his employment at the time he claimed to have been assaulted and, therefore, the employer was immune from a civil action. The trial court’s summary judgment in favor of the employer was reversed by this court because there remained issues of fact concerning “the alleged representation made by [the employer] that no benefits were due claimant,” which could have meant “either that the Department of Corrections was of the opinion that there had yet been no injury shown, or that it had taken the position Elliott had no right to claim benefits because the injury was not a covered injury.” 542 So.2d at 394. This court went on to explain “if [the employer] denied workers’ compensation coverage on the basis that Robert Elliott’s alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered by the Act, the Elliotts were free to pursue common law remedies.”
 
 Id.
 

 When the case was returned to the trial court, evidence was adduced that the workers’ compensation carrier had notified Elliott by letter in which it took the position that benefits were not due because the claimant had returned to work and there was an absence of any evidence relating medical problems to the incident. “Significantly, the letter [did] not deny compensa-bility of the incident.”
 
 Elliott v. Dugger,
 
 579 So.2d 827, 828 (Fla. 1st DCA 1991)
 
 (Elliott
 
 II). The trial court again granted summary judgment in favor of the employer. On appeal, in
 
 Elliott II,
 
 this court held that the trial court had correctly entered summary judgment on remand on the grounds that Elliott’s exclusive remedy was workers’ compensation. Nevertheless, the court emphasized that “had [coverage] been denied on the basis that Elliott’s alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered
 
 *1170
 
 by the Act, ... he might have been free to pursue common law remedies.”
 
 Elliott II,
 
 579 So .2d at 828 n. 1.
 

 Here, as in
 
 Elliott,
 
 there remain disputed issues of material fact as to the meaning of the language employed in the notice of denial. Summary judgment is inappropriate where the wording of a document is ambiguous and its interpretation involves questions of fact.
 
 Travelers Indent. Co. of Illinois v. Hutson,
 
 847 So.2d 1113 (Fla. 1st DCA 2003);
 
 Ieracitano v. Shaw,
 
 815 So.2d 787 (Fla. 4th DCA 2002). Whether estop-pel is appropriate in this case and whether the employer took irreconcilable positions is dependent upon the meaning to be accorded the notice of denial.
 

 REVERSED and REMANDED for further proceedings consistent with this opinion.
 

 HAWKES, C.J., and BROWNING, J, concur.
 

 [1]
 

 . Section 440.11(1) provides:
 

 (1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except as follows:
 

 (a) If an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee.