LAGOA, J.
 

 Coastal Masonry, Inc. (“Coastal”), appeals from the trial court’s non-final order denying a summary judgment motion. The trial court’s order found that Coastal was not entitled to a workers’ compensation exclusivity defense as a matter of law.
 
 [1]
 
 For the following reasons, we affirm the trial court’s order.
 

 
 *547
 
 1.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Bayardo Gutierrez (“Gutierrez”) filed a petition seeking workers’ compensation benefits from his employer, Coastal, for injuries sustained while lifting concrete blocks. In response to the petition for benefits, Coastal denied the claim in its entirety including that Gutierrez’s condition “is not the result of an injury by accident arising out of and in the course and scope of employment.” Specifically, the denial of benefits stated:
 

 The carrier has denied the claim in its entirety.
 
 The claimant did not report the alleged injury to the employer in a timely manner, as required by F.S. 440.185(1).
 
 The present condition of the claimant is not the result of an injury by accident arising out of and in the course and scope of employment.
 
 There is no accident or occupational disease. The condition complained of is not the result of an injury, as defined by F.S. 440.02(1). The claimant’s medical condition is the result of a pre-existing condition or disease. The claimant’s medical condition is personal, pre-existing and/or idiopathic in nature.
 

 (emphasis added). It is undisputed that Coastal paid no benefits to Gutierrez.
 

 As a result of Coastal’s denial, Gutierrez voluntarily dismissed his petition and filed a negligence action against Coastal. In his complaint, Gutierrez alleged that Coastal had denied his workers’ compensation claim “on the basis that the accident and injuries did not arise out of [his] employment and were not covered by workers’ compensation.” Coastal’s answer admitted this allegation, and further denied that Gutierrez was a Coastal employee. Notwithstanding its denial that Gutierrez was an employee, Coastal denied that it had waived workers’ compensation immunity and further asserted that immunity as an affirmative defense. Subsequently, Coastal filed a motion for summary judgment based on workers’ compensation exclusivity. The trial court denied the summary judgment motion, finding that Coastal was not entitled to workers’ compensation exclusivity as a matter of law. This appeal ensued.
 

 II.
 
 ANALYSIS
 

 On appeal, Coastal asserts that the trial court erred in ruling that it was estopped as a matter of law from raising a workers’ compensation exclusivity defense. It is well settled that the workers’ compensation scheme is the exclusive remedy for an injured employee unless the employer fails to obtain workers’ compensation insurance or commits an intentional tort which results in injury or death.
 
 [2]
 
 However, an employer may be equitably estopped from raising a workers’ compensation exclusivity defense if the employer denies the employee’s claim by asserting that the injury did not occur in the course and scope of his or her employment.
 
 See Schroeder v. Peoplease Corp.,
 
 18 So.3d 1165 (Fla. 1st DCA 2009);
 
 Byerley v. Citrus Publ’g, Inc.,
 
 725 So.2d 1230, 1232 (Fla. 5th DCA 1999);
 
 Elliott v. Dugger,
 
 579 So.2d 827, 828 n. 1 (Fla. 1st DCA 1991) (stating that “had [coverage] been denied on the basis that [the employee’s] alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered by the Act, ... he might have been free to pursue common law remedies”);
 
 Elliott v. Dugger,
 
 542 So.2d 392, 394 (Fla. 1st DCA 1989) (same). “Florida law, however, makes it clear that
 
 *548
 
 judicial estoppel is a narrow exception to workers’ compensation immunity and
 
 only
 
 available when the employer attempts to take inconsistent positions.”
 
 Ashby v. Nat’l Freight, Inc.,
 
 No. 809-cv-582-T-30MAP, 2009 WL 1767620, at *3 (M.D.Fla. June 23, 2009) (emphasis added).
 

 Here, the record shows that Coastal has taken inconsistent positions. Coastal denied Gutierrez’s claim for workers’ compensation benefits, stating that “[t]he present condition of the claimant is not the result of an injury by accident arising out of and in the course and scope of employment.” In this case, however, Coastal asserted as an affirmative defense that it was entitled to the exclusivity defense because the accident arose in the course and scope of Gutierrez’s employment. Not only is the defense inconsistent with Coastal’s position in the workers’ compensation action, it is inconsistent with Coastal’s Answer in this case itself. In paragraph 4 of its Answer, Coastal
 
 specifically
 
 denied that Gutierrez was a Coastal employee, and in paragraph 7 of its Answer Coastal admitted that it “denied the claim on the basis that the accident and injuries did not arise out of Plaintiffs employment and were not covered by workers’ compensation.”
 

 Because we find that Coastal has indeed taken inconsistent positions, we now turn to whether, as a matter of law, Coastal is estopped from raising a workers’ compensation exclusivity defense.
 

 In order to establish equitable es-toppel for the purpose of workers’ compensation exclusivity, the following must be shown:
 

 (1) a representation by the party es-topped to the party claiming the estop-pel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estop-pel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.
 

 Francoeur v. Pipers, Inc.,
 
 560 So.2d 244, 245 (Fla. 3d DCA 1990) (quoting
 
 Quality Shell Homes & Supply Co. v. Roley,
 
 186 So.2d 837, 841 (Fla. 1st DCA 1966));
 
 see also Schroeder,
 
 18 So.3d at 1168;
 
 Tractor Supply Co. v. Kent,
 
 966 So.2d 978, 981 (Fla. 5th DCA 2007);
 
 Specialty Employee Leasing v. Davis,
 
 737 So.2d 1170 (Fla. 1st DCA 1999).
 

 As a result of Coastal’s denial of Gutierrez’s claim, Gutierrez: (1) dismissed the worker’s compensation claim; (2) incurred medical expenses; and (3) filed a negligence action to recover damages resulting from his injury. Because the record establishes the elements of estoppel, the trial court correctly ruled that Coastal was not entitled as a matter of law to workers’ compensation immunity.
 
 [3]
 

 See Byerley,
 
 
 *549
 
 725 So.2d at 1232;
 
 see also Quality Shell Homes,
 
 186 So.2d at 840-41 (holding that employee’s tort action was not barred when employee relied on employer’s statement that no workers’ compensation coverage existed and did not make a workers’ compensation claim and received no compensation benefits);
 
 cf. Fly & Form, Inc. v. Marquez,
 
 19 So.3d 403 (Fla. 3d DCA 2009) (holding that employer is not es-topped from asserting exclusivity defense when it denied employee
 
 further
 
 workers’ compensation benefits);
 
 Coca-Cola Enters., Inc. v. Montiel,
 
 985 So.2d 19 (Fla. 2d DCA 2008) (same);
 
 Ashby,
 
 2009 WL 1767620 (ruling that employer is not es-topped from asserting exclusivity defense when it denied claim for benefits based on employee’s failure to file claim timely).
 

 It must be noted, however, that it is not merely the denial of benefits that may permit an employee to seek damages in a venue other than a workers’ compensation proceeding. As the Fifth District stated in explaining its decision in
 
 Byerley:
 

 Byerley
 
 involved the denial of a comp claim on the ground that the injury did not arise in the course and scope of the employment relationship.
 
 Byerley
 
 holds that expressly asserting that an injury did not occur in the scope and course of employment estops the employer from defending a subsequent tort action on the ground that the claim arose in the course and scope of employment. It is not simply the denial, but rather the irreconcilable positions asserted, that led to the result in
 
 Byerley.
 

 Kent,
 
 966 So.2d at 980-81.
 

 Accordingly, because Coastal asserted irreconcilable positions as to whether Gutierrez’s injury occurred in the course and scope of his employment, we affirm the trial court’s judgment.
 

 Affirmed.
 

 [1]
 

 . Pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), we have jurisdiction.
 

 [2]
 

 . See
 
 § 440.11(1), Fla. Slat. (2006);
 
 Cabrera v. T.J. Pavement Corp.,
 
 2 So.3d 996 (Fla. 3d DCA 2008);
 
 Ruiz v. Aerorep Group Corp.,
 
 941 So.2d 505, 507-08 (Fla. 3d DCA 2006);
 
 Byer-ley v. Citrus Publ'g, Inc.,
 
 725 So.2d 1230 (Fla. 5th DCA 1999);
 
 Francoeur v. Pipers, Inc.,
 
 560 So.2d 244 (Fla. 3d DCA 1990).
 

 [3]
 

 . We find Coastal's argument that it denied the claim because the injury arose from preexisting factors without merit. First, Coastal failed to preserve this issue for appellate review. Indeed, the first lime Coastal raised this argument was in its reply brief. See
 
 Roth v. Cohen,
 
 941 So.2d 496, 500 (Fla. 3d DCA 2006) (" For an issue to be preserved for appeal, ... it 'must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.’ ”). However, even if the issue were preserved, there is no record basis to reverse the trial court's order and remand for a determination of material factual issues as to Coastal’s intent in denying benefits. In
 
 Schroeder,
 
 18 So.3d at 1165, the employer denied benefits for several reasons and the First District reversed and remanded finding disputed issues of fact as to estoppel.
 
 Schroeder
 
 is distinguishable because the employer in that case filed an affidavit asserting that the intent of the notice was "neither to assert a lack of an employment relationship nor to allege that [the employee's] incident occurred outside the scope of the employment relationship.”
 
 Schroeder,
 
 18 So.3d at 1167. Here, Coastal did not file an affidavit as to the
 
 *549
 
 intent of its denial, admitted Gutierrez's allegation that the accident and injuries did not arise out of his employment and were not covered by workers’ compensation, and further denied that Gutierrez was a Coastal employee.