186 So.2d 837 (1966)
QUALITY SHELL HOMES & SUPPLY COMPANY, Inc., et al., Appellants,
v.
James ROLEY, Appellee.
No. F-471.
District Court of Appeal of Florida. First District.
May 26, 1966.
*838 Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Fisher & Hepner, Pensacola, for appellee.
CARROLL, DONALD R., Judge.
The defendants in an action for damages have appealed from a final judgment entered by the Circuit Court for Escambia County, based upon a jury verdict for the plaintiff.
The principal question for our determination in this appeal is whether, in this action against his alleged employers for personal injuries suffered by the plaintiff while working on the job, the said employers, under the circumstances of this case, were estopped from raising the exclusiveness-of-liability provisions of the Florida Workmen's Compensation Law.
In their appellate brief the appellants phrase this question more restrictedly, as follows: "Does refusal to pay voluntarily workmen's compensation benefits estop a statutory employer from raising the exclusiveness of liability provisions of Section 440.11, Florida Statutes?" The appellee in his brief, however, correctly points out that, as we shall discuss later, many other circumstances are shown in the record that establish the fact of such estoppel, in *839 addition to "refusal to pay voluntarily workmen's compensation benefits. * * *" In fact, the appellee concedes in his brief that such refusal alone "will not estop the employer from requiring the claimant to seek his remedy in conformance with the Workmen's Compensation Law."
The facts pertinent to this issue of estoppel, including those circumstances relied upon by the appellee to show estoppel, are briefly as follows:
The defendant Quality Shell Homes of Alabama, Inc., is the wholly-owned subsidiary of its parent corporation, the defendant Quality Shell Homes and Supply Co., Inc.
One of the defendants (there were conflicting inferences in the record as to which one) entered into a contract with a Mrs. Poulsen to erect a shell home on her property in Escambia County. The defendant Quality Homes, Inc., then entered into an agreement with one Moring that, using materials supplied to him, Moring would furnish the labor necessary to build the house. This agreement contained a provision that, at the option of Moring, the company would furnish workmen's compensation insurance and deduct the cost of it from the contract price.
On the day of his injury the plaintiff, who was one of three men who were hired by Moring to build the house on Mrs. Poulsen's property, was working on the roof when one or more boards forming a portion of the roof decking pulled through the nails holding them to the roof truss, thereby causing the plaintiff to fall to the ground and thus sustain serious injuries. The said roof decking pulled through the nails at the said time because the decking was rotten and decayed, which condition was known to all four men working on the job.
After the plaintiff was thus injured, Moring had a conversation with the said company's state manager about the payment of the plaintiff's medical bills, and the manager told Moring that workmen's compensation insurance was available initially, but a week or two later said that it was not. The manager also wrote to Moring a letter reading:
"We cannot make payment as Mr. Roley was not working for Quality Homes.
"He was working for a contractor that was building a Quality Home, and therefore the contractor is responsible for payment as all contractors are suppose to have insurance on all men who work for them."
Pursuant to the above-mentioned provision of his agreement with the said defendant concerning workmen's compensation insurance, Moring had requested that defendant's state manager supply such insurance coverage, and the manager stated that the company would do so. Moring did not himself procure such insurance because, he testified, he relied upon the said manager's said assurance that such insurance would be obtained.
More than two months before the filing of the present action, the plaintiff's attorney wrote a letter to both defendants notifying them in detail of the nature and extent of the plaintiff's claim, but neither defendant had replied to the letter by the time the action was filed.
Both defendants were in fact insured for the payment of compensation under the provisions of the Florida Workmen's Compensation Law by an insurance company authorized to do such business in this state In view of the above-described circumstances, the plaintiff did not file a claim with the Florida Industrial Commission on account of his said injuries, but elected to file this negligence action for damages against the two defendants.
*840 In his complaint the plaintiff alleged that his fall described above occurred as a result of the defendants' negligence in furnishing the rotten and defective materials for use in the construction on Mrs. Poulsen's property.
The defendants' position as stated in their defenses and on this appeal that this action against them is barred because they had secured the payment of workmen's compensation benefits as required by law, is based upon the provisions of Section 440.11, Florida Statutes, F.S.A., which are as follows:
"The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."
Another statutory provision, the second sentence in paragraph (1) of Section 440.10, Florida Statutes, F.S.A., also seems pertinent to the present consideration. That sentence reads:
"In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
In view of the foregoing facts established at the trial, including the fact that the defective roofing materials which caused the plaintiff's fall were furnished by the defendants, we are of the opinion that the proofs at the trial are sufficient to support the jury verdict against the defendants, unless we should hold that as a matter of law the plaintiff's cause of action was barred by the application of Section 440.11, Florida Statutes, F.S.A. quoted above.
The obvious purpose of the last-cited statute is to accord to employers who have procured workmen's compensation insurance the privilege of protection against other forms of liability to their employees. That statutory privilege, under recognized principles, however, may be lost to an employer whose conduct amounts to an estoppel, since it would be inequitable for the employer to invoke the said statute in bar of an employee's action or suit.
The doctrine of estoppel is firmly established in the jurisprudence of Florida. This doctrine is a part of the common law which was adopted by statute in this state (Section 2.01, Florida Statutes, F.S: A.), and its operation is consistent with our Constitution and statutes. New York Life Insurance Co. v. Oates, 122 Fla. 540, 166 So. 269 (1930); Steen v. Scott, 144 Fla. 702, 198 So. 489 (1940). Estoppel rests on the principles of equity, justice, and morality. Camp v. Moseley, 2 Fla. 171 (1848). Gray v. Gray, 91 Fla. 103, 107 So. 261 (1926). "Estoppel" has been defined as "`the preclusion of a person from *841 asserting a fact by previous conduct inconsistent therewith, on his own part, or the part of those under whom he claims.'" Coogler v. Rogers, 25 Fla. 853, 7 So. 391 (1889).
The essential elements of estoppel, as we pointed out in Davis v. Evans, Fla. App., 132 So.2d 476 (1961), are: "(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon."
In the case at bar the trial court charged the jury concerning this last element of estoppel, saying that "if you find that Workmen's Compensation Insurance actually existed, in order for the plaintiff to recover it is necessary that the evidence establish by a preponderance of it that the plaintiff changed his position to his detriment by not filing a claim for compensation, as a result of the alleged statement that there was no such workmen's compensation coverage, and if the preponderance of the evidence does net establish that he did so change his position as a result of the alleged statement, then he cannot recover in this suit."
In the foregoing charge we think that the trial court correctly and fairly submitted the issue of the plaintiff's change of position because of the defendants' said statements, as a basis for the above-discussed estoppel against the defendants. The said issue was, we think, properly submitted to the jury for its determination from the evidence presented at the trial. The appellee contends, of course, in his brief that there was sufficient evidence at the trial from which the jury as reasonable men could have found that the plaintiff injuriously changed his position in reliance upon the defendants' statement that they had no workmen's compensation insurance; that, as a direct result of the plaintiff's reliance upon the defendants' actions and statements, he made no claim and received no compensation benefits to aid in the support of himself and his family during the lengthy period when he was totally disabled and unable to work; that during this period the plaintiff became personally obligated for the payment of substantial hospital, medical, and drug bills; that by the time of the trial the defendants had neither paid nor made any effort to pay those bills or any compensation; and that the defendants had completely ignored the plaintiff's attorney's letter described above, leaving the plaintiff with no alternative but to file the present action. The appellee's said contention reflects, we believe, inferences that the jury could have reasonably drawn from the evidence before them as a predicate for the application of the doctrine of estoppel against the defendants, as discussed above in this opinion.
Other points raised by the appellants-defendants in this appeal concern questions of the legal effect of the evidence at the trial, including a contention that the evidence established as a matter of law that the plaintiff was guilty of contributory negligence barring his recovery in this action. All of these contentions have been considered in the light of the evidence and the posture of this case and we find that those contentions are without substantial merit.
For the foregoing reasons the final judgment appealed from herein must be and it is
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.