PER CURIAM.
The plaintiff Derlin Hayward appeals from a final summary judgment entered in favor of the defendant Don Oppenheim d/b/a Tak-A-Way in a negligence action arising out of a work-related accident. The trial court concluded that the action was barred by the exclusivity of the workers’ compensation remedy as provided by Florida’s Workers’ Compensation Act (§ 440.-11(1), Fla.Stat. (1983)), in that the defendant herein, according to sworn affidavits filed below, had workers’ compensation insurance which covered this work-related injury. We affirm.
The plaintiff relies upon the case of Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966), for his position that the circumstances of this case estop the defendant employer from asserting the above-stated exclusivity of the workers’ compensation remedy and, therefore, required the trial court to deny the motion for summary judgment. In support of this position, the plaintiff contends that the allegations of his pro se affidavit, filed in opposition to the motion for summary judgment, support the application of estoppel under the previously cited case as a bar to the defendant’s asserted defense of the exclusivity of the workers’ compensation remedy. The affidavit states:
“On May 22nd 1983,1 was working for Don Oppenhiem and George Gibson a[t] the ‘Hyde Park Apts’ in Hollywood Fla. During the process of doing my work, which included hauling concrete railing *310 in a wheelbarow [sic]. While pushing the wheelbarow [sic] to a trailer to be loaded I slipped on a wet surface and broke my right foot and damaged my left hip. In a pursuing conversation with Mr. Oppenhiem I asked if he had some type of medical insurance. He said he had none at all and was in no position to help me in any way. So then I asked my brother to take me to a hospital to be treated. Since that time I have been under doctors care for my hip, which he says will require an operation.”
R.34.
Neither this affidavit nor anything else in the record raises, in our view, a genuine issue of material fact as to whether the defendant employer is estopped to rely on the exclusivity of the workers’ compensation remedy under the rule stated by the above-cited Quality Shell Homes case. The affidavit is entirely too sketchy to raise such material issues of fact; and nothing else in the record, including the plaintiffs complaint, remotely raises such issues. The record totally fails to indicate, for example, that the plaintiff neglected to file a workers’ compensation claim in this case or that he suffered some detriment as a result of the defendant employer’s representations to him. Accordingly, we have no alternative but to affirm the summary judgment appealed from.
The final summary judgment under review is affirmed without prejudice to the right of the plaintiff to pursue his remedies under the Florida Workers’ Compensation Act, if he has not already done so.
Affirmed.