560 So.2d 244 (1990)
Daniel FRANCOEUR, Appellant,
v.
PIPERS, INC., a Florida Corporation, d/b/a Club Pink Pussycat, Andrew Alloco, William Jackmore, and William Piper, Appellees.
No. 89-156.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Rehearing Denied May 22, 1990.
Stephen Loffredo, Miami Shores, for appellant.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and Phillip D. Blackmon, Miami, for appellees.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
Daniel Francoeur, who was injured in an on-the-job accident, appeals from a summary judgment disposing of his negligence action against the employer. The circuit court ruled that the Workers' Compensation Act provided the exclusive remedy for his claim. We reverse.
Francoeur, an illiterate Haitian who speaks no English, was employed as a dishwasher at the Club Pink Pussy Cat, a lounge owned and operated by the appellee, Pipers, Inc. He was injured when a defective glass-washing machine malfunctioned, spewing glass fragments into his hand. Following out-patient treatment for the injury, Francoeur recuperated at home for a month. Although the hospital and physician's bills were initially paid by the employer, its compensation carrier, Lumberman's Mutual Casualty Insurance Company, later sent checks directly to the health care providers to cover their services. Payment in the amount of $232.22 was also made for temporary total benefits by a check made out to Francoeur by the carrier. The check was not endorsed by him but was, instead, deposited into the employer's business account. Francoeur admits that he was given cash by his employer for rent and food during the month he was out of work but claims that the payments were later deducted from his paychecks, as were the amounts paid to the health care providers.
The employer responded that the injury indisputably arose within the course and *245 scope of Francoeur's employment and that it had filed a claim with its workers' compensation carrier, as Francoeur was a covered employee. The employer persuaded the trial court that because a workers' compensation insurance policy was in effect at the time of injury, the claim is governed by the Florida Workers' Compensation Act and the employer is immune from negligence liability.
Workers' compensation is generally the exclusive tort remedy available to workers injured in a manner that falls within the broad spectrum of the Workers' Compensation Act. Byrd v. Richardson-Greenshields Sec. Inc., 552 So.2d 1099 (Fla. 1989); Stack v. State Farm Mut. Auto. Ins. Co., 507 So.2d 617 (Fla. 3d DCA), rev. denied, 515 So.2d 230 (Fla. 1987); § 440.11, Fla. Stat. (1989). The employee's argument, however, is that under the circumstances of this case, where the employer did not inform the employee that he was fully covered by workers' compensation benefits, and the employee allegedly never received workers' compensation benefits for the salary loss owing to the employer's wrongful conduct, the employer is estopped from raising the exclusivity provisions of the Workers' Compensation Act.
In support of his estoppel argument, the employee relies on Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966). The employer in that case had refused the injured worker's demand for payment telling him that no workers' compensation benefits were available to him. When the worker, acting on this representation, decided to forgo his claim with the workers' compensation board and filed instead a negligence action in circuit court, the employer raised the affirmative defense that workers' compensation insurance was, in fact, in effect at the time of injury and thus the action was barred by section 440.11. The Quality court precluded the employer from asserting the exclusivity defense finding that the essential elements of estoppel were present:
(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.
Id. at 841.
The fact that the employer in the Quality Shell case verbally misled the employee as to the existing fact does not distinguish this case. The representation required to invoke estoppel principles is not limited to oral or written words. Conduct calculated to convey a misleading impression is sufficient to constitute a misrepresentation. Prosser and Keeton on the Law of Torts, § 106 at 736 (5th ed. 1984); Restatement (Second) of Torts, § 525, Comment (b) (1977) (words or conduct asserting the existence of a fact may constitute a misrepresentation). On the facts, there is a disputed issue whether the employee was led to believe that no workers' compensation benefits were available. Further, to the extent that sums paid by the carrier were diverted by the employer to its own use, the employee may be able to state a cause of action for civil theft under chapter 812, Florida Statutes (1989).
The summary judgment is reversed and the cause is remanded for further proceedings.