PER CURIAM.
Appellant challenges his sentence on several grounds. We affirm in part and reverse in part.
Appellant’s second issue, involving the sentence which might be imposed if appellant were to violate the conditions of his probation, is not ripe for adjudication, and is therefore disregarded.
As to appellant’s challenge of the legality of the “probationary split sentence” imposed, we find that we are bound by Poore v. State, 531 So.2d 161 (Fla. 1988).
With regard to appellant’s last issue, notwithstanding recent federal decisions,[1] we find that the trial court reversibly erred by imposing court costs on an indigent defendant without giving him notice and an opportunity to be heard, Jenkins v. State, 444 So.2d 947 (Fla.1984); Clark v. State, 560 So.2d 244 (Fla. 5th DCA 1990); Adair v. State, 558 So.2d 203 (Fla. 1st DCA 1990).
The sentence is AFFIRMED, but the imposition of costs is REVERSED and the case is REMANDED to the trial court for further proceedings.
BOOTH and JOANOS, JJ., concur.
BARFIELD, J., concurs with written opinion.

. See e.g., United, States v. Cooper, 870 F.2d 586 (llth Cir.1989).