774 So.2d 5 (2000)
Rosalind GERTH, as Personal Representative of the Estate of Kenneth F. Gerth, Deceased, Appellant,
v.
Nelson J. WILSON, Appellee.
No. 2D99-2817.
District Court of Appeal of Florida, Second District.
May 26, 2000.
As Modified on Denial of Rehearing and Rehearing October 11, 2000.
*6 Vanda Y. Bayliss, Sarasota, and Bertram Dannheisser, III, Sarasota, for Appellant.
Mark A. Boyle of Fink & Boyle, P.A., Fort Myers, for Appellee.
As Modified on Denial of Rehearing and Rehearing En Banc October 11, 2000.
BLUE, Judge.
Rosalind Gerth, as personal representative of her deceased husband's estate, appeals the final summary judgment that found the husband's employer was entitled to workers' compensation immunity in the estate's wrongful death action. The limited issue before this court poses the following question: Does a federal Occupational Safety and Health Act (OSHA) violation, for which an employer may be imprisoned for six months, abrogate workers' compensation immunity on the same basis as injury resulting from criminal conduct for which the penalty under Florida law is in excess of sixty days? We reverse the summary judgment but conclude that this issue is one of great public importance and thus certify the question to the Florida Supreme Court.
Florida's Workers' Compensation Law, codified in chapter 440, Florida Statutes (1997), protects workers and compensates them for injuries occurring in the workplace, without examination of fault in the causation of injury. At the same time, it protects employers from liability beyond the benefits of workers' compensation for injuries except in certain limited situations. The courts recognize an exception for intentional torts where the employer has either "exhibit[ed] a deliberate intent to injure or engage[d] in conduct which is substantially certain to result in injury or death." Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla.1986), affirmed in part and receded from in part by Turner v. PCR, Inc., 754 So.2d 683 (Fla.2000) (reaffirming existence of an intentional tort exception to workers' compensation immunity, adopting objective standard to evaluate employer's conduct, and receding from Fisher to the extent it suggested that the substantial certainty test required a showing of virtual certainty). The Workers' Compensation Law itself contains an exception where the employer has violated a law, whether or not a violation was charged, for which the maximum penalty that may be imposed exceeds sixty days' imprisonment as set forth in section 775.082, Florida Statutes (1997). See § 440.11(1).
For purposes of the summary judgment, the employer, Nelson J. Wilson, stipulated that the decedent's fatal fall down an elevator shaft resulted from conduct on Wilson's part that constituted an OSHA violation punishable by up to six months' imprisonment. Wilson was subjected to the possibility of incarceration because the decedent's fall was the second accident in this improperly guarded open elevator shaft, combined with the fact that the injuries resulted in death.
Wilson contends that the negation of workers' compensation immunity for violations of law contained in section 440.11(1) applies only to violations of Florida law. Wilson further argues that OSHA regulations provide that they should not be construed to affect workers' compensation law. See 29 U.S.C. § 653(b)(4). Because there are no cases directly on point, we are required to decide the issue based on our interpretation of the purpose and statutory scheme governing workers' compensation in Florida.
The Florida Supreme Court recently reaffirmed the "existence of an intentional tort exception to an employer's immunity." *7 See Turner, 754 So.2d at 691. The court reversed a summary judgment granting immunity and clearly stated that the "intentional tort exception includes an objective standard to measure whether the employer engaged in conduct which was substantially certain to result in injury." 754 So.2d at 691 (emphasis added). This decision appears to be in conformance with the legislative intent embodied in the adoption of section 440.11(1), which establishes an objective standard for judging workers' compensation immunity.
Beyond the obvious social value in protecting employees from intentional torts of employers, there is also an economic benefit to the workers' compensation system. The threat of an employer's added liability, outside the protection of workers' compensation, would elevate an employer's interest in providing for the safety of workers, thus lessening injuries in the work place. The significance of a reduction in injuries is, we believe, obvious.
Additionally, there is logical appeal to Gerth's position. One of the stated purposes of OSHA regulations is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). A safety regulation violation that is so serious as to subject the violator to imprisonment exceeding the sixty days established by Florida law should also deprive the employer of workers' compensation immunity. We conclude this comports with the intent of section 440.11(1) and the objective standard established in Turner.
Accordingly, we reverse the summary judgment entered in favor of the employer. We certify to the Florida Supreme Court the following question of great public importance:
DOES A VIOLATION OF AN OSHA REGULATION WHICH CAUSES WORKER INJURY ABROGATE THE WORKERS' COMPENSATION IMMUNITY IF THE SAME VIOLATION SUBJECTS THE EMPLOYER TO IMPRISONMENT EXCEEDING SIXTY DAYS?
Reversed; question certified.
THREADGILL, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.