SUAREZ, J.
Ocean Reef Club, Inc. (“Ocean Reef’), appeals non-final orders in favor of Cher-rye Wilczewski (“Wilczewski”) and Laura Leon (“Leon”) denying Ocean Reefs motion for summary judgment alleging the affirmative defense of workers’ compensation tort immunity. We have jurisdiction. See Fla. RApp. P. 9.130(a)(3)(C)(v). We affirm the orders denying summary judgment finding that, based on the facts of these cases, workers’ compensation immunity does not apply as a matter of law.
Wilczewski and Leon worked at a beauty salon owned by Ocean Reef. Wilczew-ski was employed as a hairstylist and Leon as a nail technician. Wilczewski and Leon allege to have been exposed to chemical fumes inherent in the operation of the beauty salon which caused them to experience asthma-like symptoms, headaches and respiratory problems over a period of time for which they had to receive medical treatment and hospitalization. Wilczewski and Leon claim they notified their supervisor of their health issues, but, while they were employed, neither they nor Ocean Reef notified the workers’ compensation insurance carrier. It was not until after Wilczewski and Leon brought a civil action for damages against Ocean Reef, that Ocean Reef notified the workers’ compensation insurance carrier of the claims. The carrier denied the claims contending that the illnesses did not occur in the course and scope of employment. The claims also were denied because the statute of limitations had run.
In the civil action, Ocean Reef moved for summary judgment, arguing that Wilczew-ski’s and Leon’s injuries were work-related and that, based on workers’ compensation immunity, it was immune from suit as a matter of law. The trial judge denied the motion for summary judgment, and, in an omnibus order, ruled that there was no workers’ compensation immunity as a matter of law. We affirm the trial judge’s ruling on the denial of Ocean Reefs claim for workers’ compensation tort immunity.
*3 Ocean Reef contends on appeal that the applicability of workers’ compensation immunity bars a negligence suit at law for the injuries claimed by Wilczewski and Leon. See § 440.11(l)(a), Fla. Stat. (2005). We disagree based on the facts of these cases. At the hearing on the motion for summary judgment, the trial judge reviewed the pleadings, the affidavits and depositions of Wilczewski, Leon and Ocean Reefs human resources director[1] that had been filed with the court. Although Ocean Reef disputed Wilczewski’s and Leon’s sworn statements that they had reported their injuries to their supervisor at work, Ocean Reef conceded for the purposes of the summary judgment motion, that there was no factual dispute on the issue. It was agreed that Wilczewski and Leon gave notice to Ocean Reef and that it “constituted actual notice to Ocean Reef Club of this work-related illness.” Ocean Reef argued at summary judgment that Wilczewski and Leon had the burden of filing their claims for benefits with the carrier, and because Wilczewski and Leon did not do, Ocean Reef was not barred from asserting the defense of immunity since it was relieved of its duty to report the injuries to the carrier. See § 440.185(2), Fla. Stat. (2005). The record supports the employees’ contention that they did notify their supervisor, which amounts to a notification to the employer under the law. Hester v. Westchester Gen. Hosp., 260 So.2d 505 (Fla.1972). Moreover, Ocean Reef conceded that it had knowledge of the employees’ claims, but it did not timely file the claims with its insurance carrier. Further, Ocean Reef conceded knowledge for purposes of the summary judgment motion. Because Ocean Reef had knowledge of Wilczewski’s and Leon’s claims and failed to notify the carrier, it cannot now claim it is entitled to worker’s compensation tort immunity on the grounds that Wilczewski and Leon failed to file a claim for benefits with the carrier for their illnesses. As stated in Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 814 (Fla. 1st DCA 1993):
Section 440.185(2), Florida Statutes (Supp. 1986), requires the employer, within seven days of knowledge of injury, to report such injury to the carrier and the employee, advising, among other things, the cause and nature of the injury and its date of occurrence, and requires the carrier to notify the Division of Workers’ Compensation in Tallahassee within 10 days.
[[Image here]]
Under the Workers’ Compensation Law, an employer is under a continuing obligation, once it has knowledge of an employee’s injury, to place needed benefits in the hands of the injured worker. An employer must offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due.
[[Image here]]
[I]t would be inequitable to allow [the employer] to shirk [its] responsibilities ... and then assert that claimant’s untimely claim for benefits is barred by the statute of limitations.
Timmeny, 615 So.2d at 816. The Timme-ny ease points out that the purpose of the workers’ compensation statute is to preserve the rights of an injured employee *4 who might be ignorant of the procedures involved, or even the existence of the workers’ compensation law. Under the reasoning of the First District in Timme-ny, the employer, which is generally in a better position to be aware of the employee’s rights, should be charged with the responsibility of notifying the employee that there is a possibility he or she may have a claim for workers’ compensation benefits. Likewise, to prevent prejudice to the employee, such as the running of the statute of limitations, the employer has the responsibility of notifying the insurance carrier of the possibility that the claimant may have a claim for benefits arising from a work-related injury. Where, as here, the employer fails to satisfy that duty to provide notice to the carrier of the possibility of a claim for workers’ compensation benefits, the employer is es-topped from asserting tort immunity as a defense in the resulting civil lawsuit for damages.
Additionally, Ocean Reef admits it was aware of Wilczewski’s and Leon’s illnesses, but hesitated to report to the carrier that the injuries were work-related. Ocean Reef delayed notifying its workers’ compensation insurance carrier until after suit was filed only to result in a denial of coverage by the carrier on the grounds that the injuries sustained by Wilczewski and Leon were not within the scope of their employment and were time barred. The carrier’s denial of coverage on the grounds that the injuries sustained were not work-related is imputed to the employer. Where the employer’s assertion of workers’ compensation immunity is “clearly irreconcilable” with the reason for its denial, an employer is estopped from asserting the defense of tort immunity. Mena v. J.I.L. Constr. Group Corp., 79 So.3d 219 (Fla. 4th DCA 2012) (citing Tractor Supply v. Kent, 966 So.2d 978 (Fla. 5th DCA 2007)). Where, as here, the carrier’s denial is absolutely clear on its face that the reason for denial is “[n]o accident in the course and scope of employment,” it is “clearly irreconcilable” with the defense of tort immunity asserted by Ocean Reef. Ocean Reef cannot now contend that the injuries were, in fact, related to work and therefore covered by workers’ compensation when it has clearly denied coverage on inconsistent grounds earlier. See Mena, 79 So.3d at 223; Byerley v. Citrus Publ’g, Inc., 725 So.2d 1230, 1232 (Fla. 5th DCA 1999); see also Coastal Masonry v. Gutierrez, 30 So.3d 545 (Fla. 3d DCA 2010); Schroeder v. Peoplease Corp., 18 So.3d 1165 (Fla. 1st DCA 2009).
It would be inequitable for the employer, through its insurance carrier, to take the position that there were no work-related injuries and hence no workers’ compensation coverage, and then later, when the employee brings a tort action against the employer, to assert as a defense at law that there was workers’ compensation coverage entitling the employer to immunity from suit. As the employer may not separate itself from its compensation carrier’s determination that the employee’s injuries did not occur during the course and scope of employment, the employer is estopped from taking the totally inconsistent position that the injuries did occur during the course and scope of employment and claim worker’s compensation immunity when sued in tort. See Tractor Supply Co. v. Kent, 966 So.2d 978 (Fla. 5th DCA 2007), review denied, 980 So.2d 490 (Fla.2008); Byerley.
We affirm the trial court’s holding that workers’ compensation tort immunity was not available to Ocean Reef as a defense to the action at law. The denial of summary judgment on the issue of tort immunity is affirmed.
Affirmed.
RAMIREZ, J., concurs.

. The director of human resources for Ocean Reef admitted being advised by Leon that she was constantly ill from the chemical smells at the beauty salon and admitted receiving a letter from her doctor indicating that the smells were work-related, but he responded by telling her to see an allergist, inferring that he did not want to notify the carrier until he knew the claim was work-related.