Digna GIL, as Administrator of the Estate of Rafael Gil, Appellant,

v.

TENET HEALTHSYSTEM NORTH SHORE, INC. d/b/a North Shore Medical Center–FMC Campus d/b/a Florida Medical Center, Tenet Healthcare Corporation, and American Medical (Central), Inc., Appellees.

No. 4D15–3216.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

**126**

Michael A. Winkleman and David A. Villarreal of Lipcon, Margulies, Alsina & Winkleman, P.A., Miami, for appellant.

Richard Warren and RoseMarie Antonacci–Pollock of Falk, Waas, Hernandez, Cortina, Solomon & Bonner, P.A., Coral Gables, for appellees.

LEVINE, J.

The issue in this case is whether the trial court erred in granting summary judgment where the court determined that the employer was not estopped from asserting workers' compensation immunity after the employer had previously denied benefits in a prior workers' compensation proceeding. Because there remains a question of fact whether the employer has taken inconsistent positions such that estoppel would apply, we reverse. Because we reverse on this issue, we do not address appellant's remaining arguments on appeal.

The decedent, Rafael Gil, worked as a carpenter for North Shore Medical Center where he was exposed to hazardous materials and, allegedly as a result, subsequently died of cancer. The decedent's wife, Digna Gil, attempted to get workers' compensation benefits from the hospital. According to her affidavit, employees at the hospital informed her that her "husband's illness was not a work related illness." She then filed a petition for workers' compensation benefits. The hospital denied the petition, writing in its notice of denial, "Entire claim denied as claimant's employment is not the major contributing cause for his death."

Upon receiving the notice of denial, Gil voluntarily dismissed the workers' compensation petition because the denial "confused" her and "it was clear to [her] that this was just another denial of any workers compensation benefits because it was not a work related illness." She then filed a wrongful death suit against the hospital in circuit court.

The hospital moved for summary judgment. The hospital claimed that it possessed immunity from civil suit because Gil's exclusive remedy was workers' compensation. Gil responded that summary judgment should not be granted because there remained a question of fact as to whether the hospital was estopped from claiming workers' compensation immunity. The lower court granted summary judgment in the hospital's favor, determining that the hospital was not estopped from asserting immunity because it had not taken inconsistent positions. Gil appeals.

Our review of a trial court's ruling on a summary judgment motion is de novo. *Eco–Tradition, LLC v. Pennzoil–Quaker State Co.*, 137 So.3d 495, 496 (Fla. 4th DCA 2014). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, summary judgment is inappropriate." *Mena v. J.I.L. Constr. Grp. Corp.*, 79 So.3d 219, 222 (Fla. 4th DCA 2012).

■ Florida's workers' compensation statutes "provide a strict liability system of compensation for injured workers." *Boston ex rel. Estate of Jackson v. Publix Super Markets, Inc.*, 112 So.3d 654, 656 (Fla. 4th DCA 2013). In return, an employee is generally "precluded from bringing a common-law negligence action," and the employer is immune from common law negligence suits from its employees. *Id.* Nevertheless, "where injuries are not encompassed within our Workers' Compensation Act, the employee is free to pursue his or her common law remedies." *Mena*, 79 So.3d at 222 (quoting *Tractor Supply Co. v. Kent*, 966 So.2d 978, 981–82 (Fla. 5th DCA 2007)).

■ If an employer takes the position in a workers' compensation proceeding that the employee is not owed workers' compensation because "the injury did not occur in the course and scope of employment, or that there was no employment relationship," the employer may be subsequently estopped from claiming immunity on the grounds that "the worker's exclusive remedy was workers' compensation . . . ." *Id.* at 222–23 (citing *Coastal Masonry, Inc. v. Gutierrez*, 30 So.3d 545, 547–49 (Fla. 3d DCA 2010); *Byerley v. Citrus Publ'g, Inc.*, 725 So.2d 1230, 1232–33 (Fla. 5th DCA 1999)). However, if an employer merely states a defense within the workers' compensation proceeding, an employer will not be estopped from later asserting immunity. *See Tractor Supply*, 966 So.2d at 981.

■ The hospital contends that it has not taken inconsistent positions. The hospital claims that its notice of denial did not deny that the injury occurred in the scope of the decedent's employment. Rather, the notice of denial asserted the "medical causation" defense.

The medical causation defense appears in section 440.09(1), Florida Statutes:

> [T]he accidental compensable injury must be the major contributing cause of any resulting injuries. For purposes of this section, "major contributing cause" means the cause which is more than 50 percent responsible for the injury as compared to all other causes combined for which treatment or benefits are sought.

This defense anticipates the employee suffering a "compensable injury," but asserts that the compensable injury is not the major contributing cause for the employee's "need for treatment." *See Babahmetovic v. Scan Design Fla. Inc.*, 176 So.3d 1006, 1008 (Fla. 1st DCA 2015).

In the present case, if the hospital merely intended to allege the medical causation defense, it did not do so clearly. The defense applies where the *"accidental*

*compensable injury* " is not the major contributing cause for a resulting injury. Here, the notice of denial did not indicate there was a compensable injury, and instead generally provided that the "entire claim [was] denied because "claimant's *employment*" was not the major contributing cause for his death.

As this court has stated, "[i]f the language employed in the notice of denial could give rise to more than one interpretation, such that it cannot be fairly determined whether the employer's positions are inconsistent, summary judgment is inappropriate." *Mena,* 79 So.3d at 223; *see also Elliott v. Dugger,* 542 So.2d 392, 393 (Fla. 1st DCA 1989) ("Summary judgment is particularly unsuitable in a case where the facts and circumstances indicate the possibility of an estoppel.").

This is the circumstance of the present case. The notice of denial is ambiguous. It is unclear whether the hospital denied benefits because the injury occurred outside the scope of the decedent's employment or whether the hospital denied benefits because the injury received in the course of his employment did not result in the decedent's subsequent injury. Because there remains a dispute of material fact, the lower court erred in granting summary judgment.

In summary, because the notice of denial in this case was ambiguous, the lower court erred in granting summary judgment. We therefore reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY and GERBER, JJ., concur.