[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11808
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-00517-JSM-PRL

CARL JEFFREY PAYNE,

Plaintiff-Appellant,

versus

J.B. HUNT TRANSPORT, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 4, 2017)

Before MARCUS, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the district court erred when it

granted summary judgment in favor of J.B. Hunt Transport, Inc., on the ground

that J.B. Hunt was immune from Carl Jeffery Payne's personal injury claim under the Florida workers' compensation statute. *See* Fla. Stat. § 440.11. We affirm.

## I. BACKGROUND

Payne was a delivery driver for J.B. Hunt. Payne suffered from diabetes, gout, and rheumatoid arthritis, and on April 3, 2014, Payne developed blisters on his feet while making a delivery. Payne contends that his damp work boots and unsafe work conditions caused the injury and that J.B. Hunt was indifferent to Payne's complaints. The blisters did not heal. Payne went to the hospital on July 21, 2014, and doctors amputated Payne's left big toe.

Payne then filed a claim for workers' compensation benefits. AIG, the insurance carrier, denied the claim on July 30, 2014. The adjuster, Evelyn Wallace, gave two reasons for the denial: Wallace explained that Payne had not given notice within 30 days of his injury; and Wallace found that "[w]ork is not the major Contributing Cause of claimant's injuries, or disability."

On November 6, 2014, Payne filed a petition for workers' compensation benefits. He demanded temporary total disability and reimbursement and authorization of medical expenses. The petition also asserted "compensability . . . of the entire claim" and requested "penalties, interest and costs" and "attorney fees." AIG denied this petition as follows: "This is a total denied claim, therefore

2

no indemnity or medical bills will be paid or authorized." Payne voluntarily dismissed his petition for benefits before adjudication.

Payne then filed this tort action against J.B. Hunt, which asserted a defense of workers' compensation immunity. Under Florida law, workers' compensation is the exclusive remedy for employees who suffer injuries in the course and scope of their employment. *See* Fla. Stat. § 440.11. Payne responded that J.B. Hunt was estopped from raising this defense.

According to Payne, J.B. Hunt had refused to pay workers' compensation on the ground that Payne was not injured in the scope and course of his employment. Payne highlighted that although his petition for benefits requested "[c]ompensability of the Entire Claim," "[t]he adjuster did not file a response indicating that compensability was accepted." According to Payne, this lack of response, coupled with the adjuster's later testimony that "compensability meant that there was an accident or injury that occurred in the course of employment," supports the conclusion that J.B. Hunt denied Payne's claim because the injury did not occur within the course or scope of Payne's employment. Payne also pointed to Wallace's statement during her deposition that Payne did not have an accident on the job. Payne contended that these earlier representations about whether the injury occurred within the scope of Payne's employment prevented J.B. Hunt from asserting workers' compensation immunity.

3

The district court granted summary judgment in favor of J.B. Hunt based on workers' compensation immunity. The district court determined that J.B. Hunt "denied the workers' compensation claim because there was late notice and because work was not the major contributing cause of [Payne's] injury." As "these bases for denial are consistent with—as opposed to irreconcilable with—[Payne] being injured during the course and scope of employment," the court concluded that J.B. Hunt was "entitled to rely on workers' compensation immunity as a defense."

## II. STANDARD OF REVIEW

"This Court reviews *de novo* summary judgment rulings and draws all inferences and reviews all evidence in the light most favorable to the non-moving party." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Summary judgment is appropriate when there are no genuine issues of material fact. Fed. R. Civ. P. 56.

## III. DISCUSSION

"In this diversity action initiated in Florida, we apply the substantive law of the forum state." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 n.1 (11th Cir. 2008). In Florida, workers' compensation is the exclusive remedy for employees injured in the course and scope of their employment. Fla. Stat. § 440.11. But "[i]f an employer takes the position in a

4

workers' compensation proceeding that the employee is not owed workers'
compensation because the injury did not occur in the course and scope of
employment . . . the employer may be subsequently estopped from claiming
immunity . . . ." *Gil v. Tenet Healthsystem N. Shore, Inc.*, 204 So. 3d 125, 127 (Fla.
Dist. Ct. App. 2016) (internal quotation marks omitted). To invoke estoppel, a
plaintiff must establish the following:

> (1) a representation by the party estopped to the party claiming the estoppel
> as to some material fact, which representation is contrary to the condition of
> affairs later asserted by the estopped party; (2) a reliance upon this
> representation by the party claiming the estoppel; and (3) a change in the
> position of the party claiming the estoppel to his detriment, caused by the
> representation and his reliance thereon.

*Ocean Reef Club, Inc. v. Wilczewski*, 99 So. 3d 1, 13 (Fla. Dist. Ct. App. 2012).
And "[i]f the language employed in the notice of denial could give rise to more
than one interpretation, such that it cannot be fairly determined whether the
employer's positions are inconsistent, summary judgment is inappropriate" to
resolve that factual issue. *Gil*, 204 So. 3d at 128 (alteration in original).

J.B. Hunt is entitled to immunity. On July 30, 2014, AIG rejected Payne's
claim in a document that gave two reasons for the denial: "No Notice provide[d]
within 30 days after the accident," and "Work is not the major Contributing Cause
of claimant's injuries, or disability." And on November 7, 2014, AIG denied
Payne's petition, stating that "[t]his is a total denied claim, therefore no indemnity
or medical bills will be paid or authorized." J.B. Hunt never denied that Payne was

5

injured in the course and scope of his employment. Payne later stated during his deposition that he understood that his claim was denied "because . . . the diabetic state [he] was in years ago had something to do with this."

Payne's efforts to find ambiguity in the language of the denials are unpersuasive. He contends that the July 30, 2014 statement that "[w]ork is not the major Contributing Cause of claimant's injuries" could be interpreted as an assertion that the injury occurred outside the scope of Payne's employment. He directs us to *Gil*, 204 So. 3d at 126, 128, where the Florida Fourth District Court of Appeal found ambiguity in a denial that stated, "Entire claim denied as claimant's employment is not the major contributing cause for his death." The court reasoned that this assertion left "unclear whether the [employer] denied benefits because the injury occurred outside the scope of the decedent's employment or whether the [employer] denied benefits because the injury received in the course of [the decedent's] employment did not result in the decedent's subsequent injury." *Id.* at 128. This ambiguity foreclosed summary judgment on whether the employer was entitled to immunity. *Id.* But in *Gil*, the employer had told the decedent's widow "that her husband's illness was not a work related illness," and the widow had dismissed her workers' compensation petition after the denial "confused her" and "it [became] clear to [her] that this was just another denial of any workers

6

compensation benefits because it was not a work related illness." *Id.* at 126 (second alteration in original).

Payne had no reason to conclude that J.B. Hunt denied the claim because the injury was unrelated to Payne's work. The July 2014 denial stated only that work was not a major contributing cause of the injury. Indeed, Payne stated during his deposition that he understood that the denial was based on his preexisting medical conditions, and Wallace confirmed that she never told "the claimant or his representatives . . . [t]hat [she was] denying this claim based upon the fact the accident was not within the course and scope of [Payne's] employment." Payne's motion for summary judgment did not even argue that the July 2014 denial led Payne to believe that the injury occurred outside the scope of his employment. Perhaps the denial could have been clearer that the injury was within the scope of Payne's employment but was noncompensable because Payne's medical conditions were the cause of his injury. But J.B. Hunt never represented that the injury occurred outside the scope of Payne's employment, and Payne offers no evidence that he misunderstood the reasons for the denial.

Payne also attempts to string together excerpts of Wallace's deposition testimony to imply that Wallace based the denial on the finding that the injury occurred outside the scope of Payne's employment. But Wallace testified that she did not "ever deny the claim based upon the fact that the accident did not occur

7

within the course and scope of employment," and she explained that she "would

have . . . listed in [the] denial" if she "had felt at the time that [Payne] did not have

an injury or accident while in the course and scope of his employment." Payne

cannot establish ambiguity by mischaracterizing excerpts of Wallace's deposition.

## IV. CONCLUSION

We **AFFIRM** the grant of summary judgment in favor of J.B. Hunt.