# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2706
Lower Tribunal No. 14-30116
_____

**Fist Construction, Inc.,**
Appellant,

vs.

**Santos Obando,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Conroy Simberg and Diane H. Tutt (Hollywood), for appellant.

Wasson & Associates, Chartered, and Annabel C. Majewski; DLD Lawyers and Frank L. Labrador, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

SALTER, J.

Fist Construction, Inc. ("Fist Construction"), appeals a partial summary judgment in favor of an injured laborer (plaintiff below), Santos Obando, precluding Fist Construction from relying on its affirmative defense of workers' compensation immunity. We have jurisdiction to review the order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v).

Another defendant in the action below was the general contractor for a residential construction project in Homestead, Florida. Yet another defendant was subcontracted to perform roofing work at the project, and that subcontractor further subcontracted with Fist Construction to perform some or all of that work. A foreman and supervisor for Fist Construction, Hector Lopez (also a defendant below), hired Mr. Obando as a laborer[1] to perform part of the roofing work that had been subcontracted to Fist Construction.

Mr. Obando alleges that he was injured while performing roof work at the project in January 2014. Through counsel, Mr. Obando filed petitions for workers' compensation claims with the general contractor and the prime roofing subcontractor (not Fist Construction), but these claims were denied on the basis that Mr. Obando was not an employee of either of those companies at the time of

_____

[1] There was deposition testimony in the record, a part of the summary judgment evidence, that Mr. Lopez hired and paid Mr. Obando in cash as an independent contract laborer, and that Mr. Lopez received the funds for those payments from Fist Construction. Mr. Obando contends that Fist Construction was not his "employer" for purposes of the workers' compensation statutes.

2

the accident.  Following the denial, Mr. Obando filed circuit court tort claims against the general contractor, the prime roofing subcontractor and its principal, Fist Construction, and Mr. Lopez.

Several months after Mr. Obando commenced his lawsuit, the prime roofing contractor's attorney contacted a claims adjuster for Fist Construction's workers' compensation carrier and notified her that Mr. Obando had been injured, with "multiple employers involved."  Mr. Obando testified that he had no knowledge of, or contact with, Fist Construction (only with Mr. Lopez), and the owner of Fist Construction initially provided a letter on behalf of the company disclaiming any knowledge of Mr. Obando:

> This firm has no knowledge of who this person is, as he has never been employed by us.  There never been [sic] an application for employment filed under that name with this Company.  So, we have no records to produce or forward to anyone.

Subsequently, however, Mr. Obando submitted a petition for workers' compensation benefits to Fist Construction's workers' compensation carrier.  In its response to the petition, the carrier agreed to pay Mr. Obando's medical bills and expenses from the hospital emergency room "once they have been submitted and reviewed," and to authorize additional treatment at a health center.

Fist Construction asserted workers' compensation immunity as an affirmative defense to Mr. Obando's second amended complaint, and each party filed a motion for partial summary judgment on that issue.  The trial court granted

3

Mr. Obando's motion, which argued that Fist Construction's words and actions had waived the immunity defense under such cases as <u>Ocean Reef Club v. Wilczewski</u>, 99 So. 3d 1 (Fla. 3d DCA 2012), and <u>Timmeny v. Tropical Botanicals Corp.</u>, 615 So. 2d 811 (Fla. 1st DCA 1993). Fist Construction's appeal from that order followed.

<u>Analysis</u>

On this record of subcontracts, handshake agreements, and a laborer hired for cash by the supervisor of a subcontractor (rather than the subcontractor itself), the identity of the "statutory employer" and related questions of estoppel and waiver involve disputed facts inappropriate for summary judgment. In the present case, it cannot be said that the facts are "so crystallized that nothing remains but questions of law." <u>Moore v. Morris</u>, 475 So. 2d 666, 668 (Fla. 1985). Critical facts which are not in dispute include these: Mr. Obando's injury occurred in the course and scope of his work on the residential roofing project; Mr. Obando's compensation and direction came via Fist Construction and its supervisor; Fist Construction had in force a policy of workers' compensation insurance; and that insurer accepted Mr. Obando's claim as compensable and provided benefits following the identification of the insured entity and the submission of a petition for workers' compensation benefits.

4

Any penalty accruing because of Fist Construction's delay in reporting Mr. Obando's claim in this case is an issue for consideration within the statutory administrative process applicable to workers' compensation claims. And an initial denial of liability or benefits does not automatically estop an employer from asserting workers' compensation immunity. Fly & Form, Inc. v. Marquez, 19 So. 3d 403 (Fla. 3d DCA 2009).

The primary case advanced by Mr. Obando's counsel before the trial court, Ocean Reef Club, Inc. v. Wilczewski, 99 So. 3d 1 (Fla. 3d DCA 2012), is distinguishable. In that case, the workers' compensation insurer denied two employees' claims based on a position that the employees' illnesses did not occur during the course and scope of employment. "The claims also were denied because the statute of limitations had run." Id. at 2. In the employees' subsequent civil action, the employer took the opposite position, contending that the alleged injuries were work-related and that the employer was immune from suit. The trial court correctly denied the employer's motion for summary judgment on grounds of workers' compensation immunity, and this Court affirmed.

Similarly, Mr. Obando's counsel urged the trial court to grant the motion for partial summary judgment on grounds of estoppel based on Timmeny v. Tropical Botanicals Corp., 615 So. 2d 811 (Fla. 1st DCA 1993). That case also involved a different set of controlling facts than the case at hand. The estoppel in Timmeny

was imposed because the employer failed to notify the employee claimant of possible coverage, but then attempted to invoke the statute of limitations as a defense when the employee filed a lawsuit. The First District held that estoppel applied because the employer had the same knowledge as the claimant regarding the possible cause and compensability of the injury or disease, but failed to provide the employee with information regarding the potentially compensable nature of the claim.

In the present case, the claims were not denied by the carrier once the parties' investigation identified the employer and carrier. The owner of Fist Construction initially denied knowing Mr. Obando or having any records regarding him, but there was never a denial that Mr. Obando's injury was work-related, that Fist Construction's foreman at the time hired and paid Mr. Obando, and that Fist Construction had workers' compensation insurance in place. The statute of limitations was not an issue addressed in Mr. Obando's motion for summary judgment.

For these reasons, we reverse the partial summary judgment order and the trial court's determination that, as a matter of law, Fist Construction could not assert workers' compensation immunity. We remand the case to the trial court for further proceedings.