# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1298
Lower Tribunal No. 21-19859
_____


**Bottling Group, LLC,**
Appellant,

vs.

**Giovanni E. Bastien,**
Appellee.


An appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Ford & Harrison LLP, Dawn Siler-Nixon, and Daniel K. Miles (Tampa), for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., Thomas A. Valdez, Megan G. Colter (Tampa), Reginald J. Clyne, Andres F. Vidales, and Chanelle Artiles, for appellee.


Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Bottling Group, LLC, appeals from a nonfinal order denying its motion for partial summary judgment in the underlying tort lawsuit filed by appellee, Giovanni E. Bastien. On appeal, Bottling Group contends the trial court erred in finding it was equitably estopped from presenting its workers' compensation immunity defense.[1] Adhering to our precedent, we affirm.

## BACKGROUND

Bastien was employed by Bottling Group at a Pepsi packaging and distribution facility in Medley, Florida. He was seriously injured when a co-worker, purportedly disgruntled over union activities, shot him several times. While recovering in the hospital, Bastien notified his manager that he intended to file a workers' compensation claim. He was informed he was not entitled to benefits, and Bottling Group later emailed the compensation carrier, Sedgwick, to oppose the claim.

Bastien received a notice of denial of benefits from the Florida Department of Financial Services Division of Workers' Compensation. The notice stated, in relevant part: "[c]laim is denied in its entirety, as not a

---

[1] Because this court denied Bastien's motion for relinquishment of jurisdiction, the trial court's superseding order of clarification is a nullity. See Fla. R. App. P. 9.130(f) (authorizing trial court to "proceed with all matters, including trial or final hearing," except for rendition of final order disposing of matter pending review); see also Heritage Prop. & Cas. Ins. Co. v. Williams, 338 So. 3d 1119, 1121–22 (Fla. 1st DCA 2022) (concluding trial court is without "jurisdiction to clarify or modify a non-final order" pending on appeal).

compensable accident or injury. Injury did not occur in the course or scope of employment. Accident/Injury occurred off premises . . . ."

Bastien filed a tort lawsuit in the circuit court against Bottling Group's parent company, PepsiCo, Inc. PepsiCo moved to dismiss, contending it was entitled to workers' compensation immunity. Bastien argued that PepsiCo was equitably estopped from asserting immunity.

Before the court rendered ruling on the motion, the parties agreed to the filing of an amended complaint substituting PepsiCo with Bottling Group. Bottling Group answered the complaint. Included in the answer was the allegation that liability did not lie because "neither [Bastien] nor [his co-worker] were acting within the line and scope of their employment or agency with Bottling Group." Bottling Group further asserted that "[n]o unlawful or tortious action alleged to have been perpetrated by an employee of Bottling Group was within the scope and course of his duties while employed by Bottling Group, or in the furtherance of Bottling Group's business."

Bottling Group moved for partial summary judgment on the basis it was entitled to workers' compensation immunity. Bastien opposed the motion, asserting that estoppel and the intentional tort exception precluded the operation of immunity.

3

On the eve of the summary judgment hearing, Bastien moved to amend his complaint to again add PepsiCo as a defendant. The trial court granted leave to amend, and neither Bottling Group nor PepsiCo answered the first amended complaint before the summary judgment hearing.

No party requested a continuance. At the conclusion of the hearing, the trial court entered a reasoned order denying summary judgment and prohibiting Bottling Group from raising its immunity defense at trial. The instant appeal ensued.

## STANDARD OF REVIEW

We conduct a de novo review of a summary judgment order determining that a party is not entitled to workers' compensation immunity as a matter of law. See Bal Harbour Tower Condo. Ass'n, Inc. v. Bellorin, 351 So. 3d 96, 99 (Fla. 3d DCA 2022).

## ANALYSIS

We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(v) (authorizing appeals from nonfinal orders determining "that, as a matter of law, a party is not entitled to workers' compensation immunity"); see also Fla. Highway Patrol v. Jackson, 288 So. 3d 1179, 1180 (Fla. 2020) (reiterating that "'[n]onfinal orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the trial court order

4

specifically states that, as a matter of law, such a defense is not available to a party'") (alteration in original) (quoting Hastings v. Demming, 694 So. 2d 718, 720 (Fla. 1997)).

Florida's Workers' Compensation Law, codified in chapter 440, Florida Statutes, is designed to "assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." § 440.015, Fla. Stat. (2021). The law operates without regard to fault, as "the employee gives up a right to a common-law action for negligence in exchange for strict liability and the rapid recovery of benefits." Turner v. PCR, Inc., 754 So. 2d 683, 686 (Fla. 2000); see also Gerth v. Wilson, 774 So. 2d 5, 6 (Fla. 2d DCA 2000).

If an employee sustains an injury on the job, workers' compensation is ordinarily the exclusive remedy. See Turner, 754 So. 2d at 686. Certain exceptions, of course, apply. For instance, as Bastien properly argued below, chapter 440 does not shield an employer from liability for intentional torts. See id. at 687; see also Gerth, 774 So. 2d at 6. Equitable estoppel may similarly preclude the application of immunity. Pursuant to a well-developed body of case law, "an employer may be equitably estopped from raising a workers' compensation exclusivity defense if the employer denies

5

the employee's claim by asserting that the injury did not occur in the course and scope of his or her employment." Coastal Masonry, Inc. v. Gutierrez, 30 So. 3d 545, 547 (Fla. 3d DCA 2010); McNair v. Dorsey, 291 So. 3d 607, 609–10 (Fla. 1st DCA 2020).

To establish estoppel, a plaintiff must prove three elements: (1) the employer made "a representation as to a material fact that is contrary to a later-asserted position;" (2) the plaintiff relied upon that representation; and (3) the plaintiff changed his position to his detriment because of his reliance on the representation. Specialty Emp. Leasing v. Davis, 737 So. 2d 1170, 1172 (Fla. 1st DCA 1999); see also Francoeur v. Pipers, Inc., 560 So. 2d 244, 245 (Fla. 3d DCA 1990).

A series of reported cases inform the proper application of estoppel in the workers' compensation arena. In the first, Byerley v. Citrus Publ'g, Inc., 725 So. 2d 1230 (Fla. 5th DCA 1999), Byerley's employer denied his workers' compensation claim on the basis that the "[i]njury did not arise out [of] the course and scope of [Byerley's] employment." Id. at 1231 (second and third alterations in original). Byerley then filed a tort-based lawsuit in the circuit court. See id. The employer moved for summary judgment, citing workers' compensation exclusivity. See id. The trial court found immunity applied. See id. In the accompanying order, the court found "as a matter of

6

law that the alleged accident occurred in the scope and course of [Byerley's] employment and is the major contributing cause to her injuries." Id. The court further stated, "[p]laintiffs have not asserted estoppel nor does this [c]ourt find that it is supported by the record presented." Id. at 1231–32.

On appeal, the Fifth District Court of Appeal observed:

> The employer created a Hobson's choice for Byerley: the employer, through its insurance carrier, denied her claim for workers' compensation, and then, when Byerley elected to proceed in a tort action, argued that she could not sue because her exclusive remedy was the Workers' Compensation Act. The employer argues that it cannot be estopped from claiming workers' compensation immunity because the denial of benefits was issued by its workers' compensation carrier, and thus, is not attributable to the employer.

Id. at 1232. Concluding this dichotomy was irreconcilable, the court reversed the order under review, concluding,

> We think it would be inequitable for an employer to deny worker[s'] compensation coverage on the ground that the employee's injury did not arise out of the course and scope of employment, then later claim immunity from a tort suit on the ground that the injury *did* arise out of the course and scope of employment. This argument, if accepted, would eviscerate the Workers' Compensation Act and allow employers to avoid all liability for employee job related injuries.

Id. (emphasis in original).

In the second case, Coastal Masonry, Inc. v. Gutierrez, 30 So. 3d 545 (Fla. 3d DCA 2010), Gutierrez filed a petition for workers' compensation benefits after he sustained an injury while lifting concrete blocks on his

7

jobsite. See id. at 547. His employer, Coastal Masonry, denied the petition, claiming his condition was "not the result of an injury by accident arising out of and in the course and scope of employment." Id. Gutierrez then filed a negligence action in the circuit court against Coastal Masonry. See id. Coastal Masonry moved for summary judgment asserting workers' compensation immunity. See id. The trial court denied the motion and Coastal Masonry appealed. See id.

The court affirmed, explaining that, by first denying the workers' compensation claim on the grounds that the injury did not arise "out of and in the course and scope of employment," and then later asserting workers' compensation exclusivity after suit was filed, Coastal Masonry had "taken inconsistent positions." Id. at 548. The denial of the claim, the court reasoned, caused Gutierrez to dismiss the claim, incur medical expenses, and file a tort lawsuit. See id. These facts, the court held, was sufficient to establish estoppel. See id.

In the third case, Ocean Reef Club, Inc. v. Wilczewski, 99 So. 3d 1 (Fla. 3d DCA 2012), this court again examined the application of equitable estoppel in the workers' compensation context. Wilczewski sustained a workplace injury. See id. at 2. Her employer, Ocean Reef, did not notify its compensation carrier the injuries were work-related until after Wilczewski

8

filed a tort lawsuit. See id. As a result, the carrier denied Wilczewski's workers' compensation claim on the grounds the injuries were sustained outside the course and scope of employment. See id. The court imputed the denial of coverage to Ocean Reef and affirmed, reasoning that:

> Where, as here, the carrier's denial is absolutely clear on its face that the reason for denial is "[n]o accident in the course and scope of employment," it is "clearly irreconcilable" with the defense of tort immunity asserted by Ocean Reef. Ocean Reef cannot now contend that the injuries were, in fact, related to work and therefore covered by workers' compensation when it has clearly denied coverage on inconsistent grounds earlier.

Id. at 4 (alteration in original).

These cases are, of course, all factually driven, and we are mindful that "[e]quitable estoppel must be applied with great caution." Watson Clinic, LLP v. Verzosa, 816 So. 2d 832, 834 (Fla. 2d DCA 2002). As the Fourth District Court of Appeal explained in Gil v. Tenet Healthsystem N. Shore, Inc., 204 So. 3d 125 (Fla. 4th DCA 2016), "if an employer merely states a defense within the workers' compensation proceeding, an employer will not be estopped from later asserting immunity." Id. at 127.

Against these principles, we turn to the case at hand. Bottling Group first raises a procedural argument. It contends the failure to plead estoppel in a reply is fatal to the order under review. Consistent with Byerley, we are not so persuaded. At the time of the summary judgment hearing, Bottling

9

Group had not yet answered the first amended complaint. Nobody sought a continuance, and no reply was ripe. Moreover, the prior answer contained language denying the injuries occurred within the course and scope of employment. There was therefore no obligation to file an avoidance.

As to the substantive contention of error associated with the failure to apply immunity, the facts of this case are virtually indistinguishable from the trilogy of cases previously discussed. Bottling Group opposed the workers' compensation claim on the contended basis the injuries did not occur within the course and scope of employment. Bastien accepted and relied upon the denial, bore his medical expenses, and then sued Bottling Group in tort, as permitted by the workers' compensation statute. See Byerley, 725 So. 2d at 1232–33; see also § 440.11(1)(a), Fla. Stat. ("[A]n injured employee . . . may elect to claim compensation under [chapter 440] or to maintain an action at law or in admiralty for damages on account of such injury . . . .").

Given these undisputed facts, we impute no error to the decision to preclude the presentation of a workers' compensation immunity defense. See Fla. R. Civ. P. 1.510(f)(1) (authorizing court to "grant summary judgment for a nonmovant").

Affirmed.